# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
TEL: 415.947.2000

February 24, 2026

**VIA CM/ECF**
The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:     Discovery Dispute in *Kim et al. v. The Democratic People's Republic of Korea*, No. 1:25-mc-00527-MMG

Dear Judge Garnett:

We write on behalf of putative garnishee Circle Internet Financial, LLC ("Circle") in response to Plaintiffs' February 20, 2026 letter regarding their dispute with Circle.  ECF No. 12.

Circle issues a cryptocurrency stablecoin called USDC.  USDC tokens are used worldwide on a variety of digital exchanges and blockchains.  Plaintiffs identify three digital wallet addresses that they allege are controlled by the Democratic People's Republic of Korea ("North Korea") and contain USDC.  Circle does not possess any assets belonging to, or do any business with, North Korea.  Circle has no access to the third-party wallet addresses or the USDC in them.  For reasons Circle cannot currently disclose, it has issued an "Access Denial" on each of the addresses, which blocks them from sending or receiving USDC.  That is Circle's only connection to them and the limit of Circle's ability to affect the USDC at those addresses.

Plaintiffs' garnishment claim fails for numerous reasons.  Chief among them, Plaintiffs admit that Circle does not have access to the USDC at the identified wallet addresses.  ECF No. 4-1 at 8.  That admission defeats Plaintiffs' attempt to recover against Circle as a garnishee.[1] The proper garnishee is the party who possesses or controls the wallets, not Circle.[2]

Because Plaintiffs cannot obtain the USDC held in the three wallets, they seek to compel Circle to substitute an equivalent amount of cash from Circle's USDC reserves that support the token's peg.  That request fails as well.  Stablecoins like USDC are designed to be "pegged" to a reference asset—U.S. dollars—to promote price stability, unlike cryptocurrencies whose value fluctuates.  Plaintiffs argue that Circle's reserves belong to North Korea based on Circle's

---

[1] *Commonwealth of the N. Mar. I. v. Canadian Imperial Bank of Commerce*, 21 N.Y.3d 55, 63 (2013) ("[A] section 5225(b) turnover order cannot be issued against a garnishee lacking actual possession or custody of a judgment debtor's assets or property.").

[2] Plaintiffs' unsubstantiated claim that the USDC in the blocklisted addresses is actually the property of North Korea, and not the property of other victims of North Korea, also undermines Plaintiffs' garnishment claim.

**WILSON SONSINI**

The Honorable Margaret M. Garnett
February 24, 2026
Page 2

statement that it holds reserves "on behalf of and for the benefit of users of USDC." That is incorrect. North Korea has no property interest in the USDC reserves. The reserves therefore cannot be subject to a turnover motion to satisfy a judgment against North Korea.

But that is for the merits. At issue now is the discovery Plaintiffs demand from Circle. Plaintiffs seek to compel Circle to produce "any and all documents related to U.S. Dollar Coin use by the Democratic People's Republic of Korea or any of its agencies, instrumentalities, or controlled entities." Plaintiffs' RFP 2. This overbroad and disproportionate request conflicts with the permissible scope of discovery here. "[P]ost-judgment discovery must be 'calculated to assist in collecting on a judgment. Accordingly, post-judgment discovery of non-parties is 'limited to a search for the judgment debtor's hidden assets.'" *Phx. Bulk Carriers (BVI) Ltd. v. Triorient, LLC*, No. 20-CV-0936 (JGK), 2021 U.S. Dist. LEXIS 29582, at *7 (S.D.N.Y. Feb. 17, 2021) (citations omitted). Plaintiffs have no "unfettered license to go on a 'fishing expedition,' subpoenaing non-parties just to see what might turn up." *Id.* (citation omitted).

Circle does not know where North Korea's assets are located. Circle is not capable of tracing individual USDC tokens or determining who owns any particular address. As Circle explained in its verified discovery responses concerning when it blocks addresses: "Circle does not make determinations regarding whether a wallet address is linked to or associated with the Democratic People's Republic of Korea or any of its agencies, instrumentalities, or controlled entities; lacks access to information necessary to make any such determination; and does not decide whether to [block wallet addresses] based on any such determination by Circle." Response to RFI 1. Instead, for blocklisting purposes, Circle relies on government regulators and law enforcement agencies to identify wallet addresses linked to criminal activity or sanctioned parties, including North Korea. When Circle receives such a notification or court order, it blocks the address. Circle explained its blocklisting process in its responses to Plaintiffs, and Circle's blocklisting policy is publicly available on its website.

Some of the information from regulators and law enforcement agencies that informs Circle's blocklistings is publicly available, such as the SDN list.[3] But other information Circle receives is nonpublic (e.g., coming directly from the government) and is often sensitive, as it may concern and potentially compromise ongoing law enforcement or national security investigations. By court order, agreement with law enforcement and banking regulators, statute and regulation, Circle maintains those requests in confidence.

Subject to ensuring that Circle honors its confidentiality, statutory, regulatory and national security obligations, Circle has agreed to produce documents to show each wallet address identified as associated with North Korea that Circle has blocked pursuant to this

---

[3] The SDN list is a list of specially designated nationals and associated digital wallet addresses subject to sanctions provided by the U.S. Treasury's Office of Foreign Assets Control ("OFAC"). It identifies individuals, entities, and groups whose assets are blocked and with whom U.S. persons are generally prohibited from doing business.

WILSON
SONSINI

The Honorable Margaret M. Garnett
February 24, 2026
Page 3

process, including comprehensive lists.[4]  It has also agreed to produce documents related to government requests to block addresses that the government identifies as linked to North Korea or its agencies, instrumentalities or controlled entities.  This information—the location of assets allegedly linked to North Korea—is the outer limit of what Plaintiffs are entitled to in discovery.[5]

Plaintiffs argue that all documents related to North Korea's use of USDC are by necessity reasonably available to Circle because of Circle's obligation to comply with sanctions regulations and anti-money laundering laws.  ECF No. 12 at 3.  They claim that only a company-wide search for the term "North Korea" would satisfy Circle's obligations under RFP 2.  That is precisely the kind of fishing expedition that is prohibited.[6]  The prohibition applies for even stronger reasons here because Circle does not possess any assets belonging to North Korea, relies on governments to identify wallet addresses associated with North Korea and its agents, and has already agreed to identify all such wallet addresses it has blocked.  Searching all of Circle's records for "North Korea" is unduly burdensome and overbroad, and not likely to produce information that would uncover any North Korean assets.  Plaintiffs have not proffered any coherent justification for such a broad request.  Particularly in light of the sensitivity of the information potentially encompassed by such a search (including information that may implicate ongoing law enforcement and national security efforts), and the considerable work Circle must undertake to protect it, Plaintiffs requests are utterly disproportionate to their narrow and flawed garnishment claim against Circle.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI, P.C.

s/ *John P. Flynn*
John P. Flynn

cc:    Colleen Bal, Joshua A. Baskin, Counsel for Plaintiffs

---

[4] Because of the sensitivity of the nonpublic information, Circle must be scrupulously careful to clear the information it produces with law enforcement and government regulators.  Circle has agreed to produce such information only after receiving permission from the relevant governmental entities and subject to an appropriate protective order.

[5] When served with a court order to block an address, Circle rarely receives the factual basis relied upon by the court to issue the order.  Plaintiffs must go to the source—the party who obtained the seizure order—to obtain that evidence.  Circle has agreed to provide Plaintiffs with information they need to do so.

[6] *Phx. Bulk Carriers*, 2021 U.S. Dist. LEXIS 29582, at *12 (subpoena seeking "all correspondence" between defendant and its bank was "overly intrusive and unjustified" because "not all correspondence necessarily sheds light on where assets came or went").