# Gerstein Harrow llp

The Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

<u>*Re: Discovery Dispute in* Kim v. Democratic People's Republic of Korea*, No. 25-MC-527*</u>

Dear Judge Garnett,

My firm represents the judgment creditors, all members of the Kim family, in this post-judgment proceeding. At a status conference of the parties yesterday, the Court reported that the Marshals believe themselves to lack authority to effect service of a writ of execution abroad and, therefore, the Court requested that I send a letter regarding the judgment creditors' position on service. I respectfully suggest that this Court order alternative service.

In the motion for service on Tether, the Kims argued that service by the Marshals on the Secretary of State is proper in this case because (a) the Marshals are empowered to effect service as any New York sheriff would be, (b) New York law permits a sheriff to effect service of a writ of execution in the same manner as a civil party would serve a summons and (c) New York law permits the service of a summons in this matter on the Secretary of State with a copy mailed to the recipient. ECF No. 13-1 at 10–15. (To be clear, the Kims have already effected service of the writ of execution *on the Marshal*, as required by New York law, incorporated by Rule 69(a), and have thus established a lien over the judgment debtors' property interests at Tether International *S.A. de C.V.*) Although my understanding is that the Marshals believe themselves to lack authority to effect service abroad, respectfully that question is for the Court to decide, and I can find no source of authority for the proposition that the Marshals may not send a letter abroad after serving the Secretary of State.

Still, although the Kims stand by their original argument that service on the Secretary of State is proper, they also sought in their motion alternative service in the event that such a course of action was impracticable. Given the Marshals' position, the Kims respectfully suggest that the Court order alternative service by directing the Kims to serve the writ of execution directly on Tether by mail and by mail and email to their attorneys at Gibson Dunn in New York. *Id.* at 16–17.

Indeed, Gibson Dunn, the firm representing Tether in this matter, ECF No. 13-2 ¶ 2, requested exactly this relief on behalf of other clients in a case seeking turnover of crypto assets held by the United States only a few months ago, writing on behalf of its judgment-creditor clients:



Washington, DC
Scottsdale, AZ
Los Angeles, CA

hi@gerstein-harrow.com

gerstein-harrow.com

# Gerstein Harrow llp

A levy under an attachment order "is effective only if the order is served upon the garnishee in the same manner as a summons." *Exec. House Realty v. Hagen*, 438 N.Y.S.2d 174, 178 (Sup. Ct. 1981) (citing CPLR § 6214). Service is typically carried out by the sheriff (in state court), *see* CPLR § 6214(a), or the U.S. Marshals (in federal court), *see* Fed. R. Civ. P. 4.1(a). But CPLR § 308(5) authorizes alternative service "in such manner as the court, upon motion without notice, directs, if service is impracticable under" typical avenues.

[Gibson Dunn's clients accordingly] respectfully request permission to serve the United States as garnishee directly by sending the attachment order to the U.S. Attorney's Office in this District. This method will ensure prompt notice to the United States and immediate levy for [Gibson Dunn's clients], so that they can establish priority of interest in the [property].

*Fritz v. Iran and China Development Group*, No. 25-CV-7093-MMH, ECF No. 70 at 26–26 (E.D.N.Y., Dec. 28, 2025). The Kims agree that this form of alternative service is permitted and appropriate in this case.

To avoid inconvenience to the Marshal, then, the Kims respectfully request that the Court order alternative service as requested in the motion at ECF No. 13-1 at 16 for the reasons argued there.

Sincerely,
Charlie Gerstein



Washington, DC
Scottsdale, AZ
Los Angeles, CA

hi@gerstein-harrow.com    gerstein-harrow.com