The Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*Re: Discovery Dispute in* Kim v. Democratic People's Republic of Korea [DPRK], *No. 25-MC-527*

Dear Judge Garnett,

Judgment-creditors Han Kim and Yong Seok Kim served a subpoena on Garnishee Circle Internet Financial LLC more than four months ago. The subpoena seeks to identify assets of the Kims' judgment-debtor, North Korea. Circle has collected responsive documents but is not producing them and has not produced a privilege log. The federal rules require a privilege log, and, although the Kims would have agreed to wait a reasonable time for a privilege log, Circle has refused to provide even an estimated date by which it will produce one. This straightforward matter unfortunately requires the intervention of the Court. On April 22, I, alongside my colleagues, met and conferred with Josh Baskin, counsel for Circle. At the meeting, I notified Baskin that we were at an impasse and required the intervention of this Court.

## I. Background

Han Kim and Yong Seok Kim obtained a judgment against North Korea for more than $300,000,000 for the torture and murder of their family member. *See* Dkt. 1. As explained in the Kims' motion for turnover, Garnishee Circle Internet Financial LLC possesses North Korean assets against which the Kims may execute that judgment. *See* Dkt. 4.

More than four months ago, the Kims served a subpoena *duces tecum* on Circle seeking "any and all documents related to U.S. Dollar Coin use by [judgment-debtor DPRK] or any of its agencies, instrumentalities, or controlled entities . . . ." Circle agreed to produce only a subset of documents responsive to this request—namely, "documents related to requests from the Treasury Office of Foreign Assets Control, United States Department of Justice, or other governmental law enforcement agency, to implement an access denial on wallets they identify as linked to or associated with [DPRK] or its agencies, instrumentalities or controlled entities."

The parties' prior, still-unresolved discovery dispute concerns the inadequacy of that search, but the scope of that search is not relevant to this new dispute. Instead, relevant here is Circle's response committing that, "[s]ubject to an appropriate stipulation and order regarding confidentiality, Circle will produce responsive, non-

privileged documents located through that search." On March 9, after Circle failed to propose its own contemplated stipulation, I emailed Circle to ask for a document it "would treat as 'an appropriate stipulation or order regarding confidentiality,'" and I further asked for a "privilege log describing the documents Circle has withheld from production and describing the source of and authority for any obligation of confidentiality or secrecy that Circle intends to rely on to resist disclosure of those documents."

After more than a month of additional correspondence, however, Circle has produced nothing—not a document, proposed protective order, stipulation, privilege log, or even a date by which we can expect any of those things. By email, Circle contends that it has determined it may indefinitely withhold any sort of response because it "does not know which privileges, if any, the government may claim." Yet it has produced no privilege log sufficient for the Kims to test any supposed privilege—indeed, it has not even specified which agency it means by "the government," nor which privileges could possibly permit *Circle* to withhold documents in *its possession* that are supposedly protected by unknown privileges that belong to "the government" and not to Circle. And it has refused to provide a date by which it would provide further information, much less provide the responsive documents, a privilege log, or a proposed protective order.

## II. Argument

Circle has cited no Rule or case that permits it to indefinitely withhold documents without even describing them merely because it is unsure which privileges will ultimately apply. Instead, a subpoena recipient that withholds responsive documents must "describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the [requesting party] to assess the claim." Fed. R. Civ. P. 45(e)(2)(A); *see also Powell v. United States*, 2022 U.S. Dist. LEXIS 108630, at *12 (S.D.N.Y. June 17, 2022) (compelling the production of a privilege log because Rule 45 "plainly does require" that parties "invoking privilege [] produce a privilege log"). The law is equally clear that parties must "list privileged documents on the required log of withheld documents in a timely and proper manner," *FG Hemisphere Assocs., L.L.C. v. Republique du Congo*, 2005 U.S. Dist. LEXIS 3523, at *14 (S.D.N.Y. Mar. 7, 2005), and failure to do so waives the privilege, *see OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, 2006 U.S. Dist. LEXIS 90970, at *21 (S.D.N.Y. Dec. 13, 2006) (party "waived any privilege with respect to its withheld documents by failing to properly identify them on a privilege log"). All this is true even where, as here, the party withholding responsive documents is asserting a third party's privilege. *See Baranski v. United States*, No. 4:11-CV-123 CAS, 2012 U.S. Dist. LEXIS 16242, at *14 (E.D. Mo. Feb. 9, 2012) (explaining that a party "is not excused from Rule 45(d)(2)'s [now Rule 45(e)(2)] requirements even though it is not the holder of the privilege.").

The Kims served a subpoena more than four months ago and the parties' agreed-to deadline for substantial completion of document production (which has already been extended once) is in approximately three months. Despite this deadline, Circle seeks to delay for some unspecified time until "the government" can potentially assert some unspecified privilege as to some unspecified subset of responsive documents. This both violates the rules, as explained above, and also delays the progress of this case: The Kims cannot challenge any privilege designations without knowing what they are, and "the government" is evidently taking its time, having not even yet expressly made a claim of privilege at all, let alone substantiated it. Furthermore, Circle, at our meet and confer, acknowledged that producing a privilege log will impose hardly any burden because Circle has already collected the documents it contends to be responsive to our subpoena. Circle's reason for delaying production of a privilege log is, thus, unclear to me.

This Court should order Circle to produce a privilege log or the responsive documents themselves pursuant to an appropriate order if no privilege has been invoked. *See, e.g.*, *Chevron Corp. v. Donziger*, 2020 U.S. Dist. LEXIS 23748, at *15 (S.D.N.Y. Feb. 11, 2020) (requiring the recipient of a subpoena to either produce documents or, "[t]o the extent a good-faith argument for privilege may be asserted, produce a privilege log").

Sincerely,
Charlie Gerstein