USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/1/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAN KIM, et al, <br><br> Plaintiffs, <br><br> -against- <br><br> THE DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, et al., <br><br> Defendants. | 25-MC-00527; 26-MC-00033; 26-MC-00094 (MMG) <br><br> **ORDER** |
| IN RE CENTRAL BANK OF THE ISLAMIC REPUBLIC OF IRAN, et al. | |
| RUTH CALDERON-CARDONA, et al, <br><br> Plaintiffs, <br><br> -against- <br><br> THE DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, et al., <br><br> Defendants. | |

MARGARET M. GARNETT, United States District Judge:

Plaintiffs in these related cases seek to collect unpaid judgments against the Democratic People's Republic of Korea ("North Korea") by collecting against cryptocurrency assets in North Korea's possession. On April 30, 2026, Plaintiffs filed an emergency motion for permission to serve Arbitrum DAO ("Arbitrum"), a potential garnishee of such assets, by alternative means. Dkt. No. 33. Arbitrum DAO is a "decentralized autonomous organization" consisting of and governed by holders of the "ARB" cryptocurrency token. Dkt. No. 33 at 6. The organization has an elected "Security Council" that is authorized to take actions in response to a security emergency. *Id.* On April 19, 2026, a group of North Korean hackers engaged in a transaction

that allowed them to fraudulently take possession of cryptocurrency tokens that were subsequently traded on Arbitrum. *Id.* at 7. In response, the Arbitrum Security Council voted to implement an emergency freeze on impacted assets belonging to North Korea or its agencies. *Id.* at 8. Plaintiffs seek to restrain those assets and eventually seek their turnover to satisfy Plaintiffs' outstanding judgments. In order to restrain the assets, Plaintiffs must serve a restraining notice on Arbitrum pursuant to N.Y. C.P.LR. § 5222. *Id.* at 13. Because Arbitrum is a decentralized organization without a registered headquarters or designated agent to receive service of process, Dkt. No. 33-2 ¶ 1, Plaintiffs moved to serve Arbitrum by alternative means. For the reasons set forth below, the motion is GRANTED.

N.Y. C.P.L.R. § 5222(a) provides that a restraining notice may be issued by an "attorney for the judgment creditor" and "shall be served personally in the same manner as a summons." Plaintiffs claim that, consistent with the treatment of decentralized autonomous organizations by other federal courts, Arbitrum should be treated as a general partnership for purposes of service. *See* Dkt. No. 33 at 13–14. Federal Rule of Civil Procedure 4(h)(1)(A) allows for service upon a partnership "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1), in turn, allows for service on an individual "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Accordingly, service upon Arbitrum must be made in a manner authorized by New York law. Additionally, "the proposed means of service must comport with constitutional notions of due process, which requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections." *Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22-CV-0558 (PAE), 2022 WL 3701216, at *9 (S.D.N.Y. Aug. 26, 2022)..[1]

Plaintiffs' proposed methods of service satisfy these requirements. First, they are permitted by New York law. *See* N.Y. C.P.L.R. 310(e) (permitting service upon a partnership "in such manner as the court, upon motion without notice directs" if service through other means set forth in Section 310 are "impracticable"); N.Y. C.P.L.R. 308(5) (allowing service upon a natural person "in such manner as the court, upon motion without notice, directs, if service is impracticable" under the other means set forth in Section 308).[2] Second, the methods are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Kelly Toys Holdings, LLC.*, 2022 WL 3701216, at *9.

Plaintiffs seek to serve Arbitrum through the following methods: "(a) posting them to Arbitrum DAO's governance forum specifically as a response to the proposal to transfer North Korea's assets to Aave and its collaborators; (b) mailing copies to legal entities that do not control Arbitrum DAO but may facilitate notice; and (c) mailing copies to several companies that are currently members of the Security Council or large holders of ARB tokens and emailing copies to attorneys for those companies." Dkt. No. 33 at 14–15. These methods, taken together, are reasonably calculated to provide notice to Arbitrum. First, counsel represents that Arbitrum DAO's governance forum is used to discuss the organization's business decisions, including

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

[2] Based on the information provided in the sworn declaration of counsel, Dkt. No. 33-2, service under the sub-sections of these provisions is impracticable because, based on counsel's investigation, there are no known members of the partnership, no registered, and no registered or identifiable business address. *See* Dkt. No. 33-2 ¶ 1.

decisions concerning the assets at issue in these cases. Dkt. No. 33-2 ¶ 7– 9; Dkt. No 33 at 15. Furthermore, the Court's review of Arbitrum's website on April 30, 2026 indicates that there are no clear other means, such as an email address or contact page, provided to contact the organization besides the governance forum. Thus, the forum appears to be "the DAO's chosen and preferred method of communication" and is thus a "reasonable" method of service. *Commodity Futures Trading Comm'n v. Ooki DAO*, No. 22-CV-05416-WHO, 2022 WL 17822445, at *11 (N.D. Cal. Dec. 20, 2022) (holding that a DAO's "online discussion forum, which was dedicated to conversation about the defendant's business, was reasonably likely to apprise the defendant of the ongoing litigation."); *see also Samuels v. Lido DAO*, No. 23-CV-06492 (VC), Dkt. No. 75, (N.D. Cal., June 27, 2024) ("service on a DAO by posting to the Governance Forum is reasonably likely to put the DAO on notice of ongoing litigation").

Second, mailing copies of the restraining notice to legal entities related to Arbitrum, as well as mailing copies to members of the security council and emailing their lawyers are also methods reasonably calculated to provide Arbitrum notice. Given the Security Council's purported central role in the governance of Arbitrum, serving their members and their counsel is likely to reach Arbitrum. Finally, for the same reasons, Plaintiffs' request to serve a writ of execution on Arbitrum pursuant to these same methods is also granted.

4

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for alternative service is GRANTED.

The Clerk of Court is respectfully directed to terminate Dkt. No. 33.


Dated: May 1, 2026
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge