# Gerstein Harrow llp

The Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*Re: Letter Motion for Briefing Schedule in* Kim v. Democratic People's Republic of Korea, *25-MC-527,* In re Central Bank of the Islamic Republic of Iran, *26-MC-33, and* Calderon-Cardona v. Democratic People's Republic of Korea, *25-MC-94*

Dear Judge Garnett,

Although Plaintiffs are reluctant to file yet another entry on this docket, we write to alert the Court to a development that dissipates the alleged urgency that Aave LLC previously identified, and to respectfully request that the Court hold Aave's motion to vacate (*e.g.*, ECF No. 42) in abeyance and set a briefing schedule for Plaintiff's contemplated turnover motion. A combined decision on the turnover motion and the motion to vacate will finally dispose of the Immobilized Assets.

On Friday, May 8, at 9:48 PM Eastern Time, Aave posted an official update regarding the Immobilized Assets. That update references this proceeding, relays that Aave LLC's request to modify the restraining notice was granted, and then says: "As the judge deliberates, and in the meantime as a contingency, separate funds will be borrowed to cover the difference until the immobilized ETH are rightfully restored to Aave users." Aave, *X, rsETH Incident Recovery Technical Plan (Phase II)*, https://x.com/aave/status/2052928584667275472?s=10 (May 8, 2026, 9:48 PM). As one Aave user correctly noted in response, the impact of this is that Aave will now "front users the eth from the arbitrum recovery while aave helps deal with the legals in the background." DCF God, *X*, https://x.com/dcfgod/status/2052958798147702870?s=46 (May 8, 11:48 PM).

As of today, then, Aave has publicly committed that rsETH users will be made as whole as the release of the Immobilized Assets could make them. Accordingly, the concerns raised in Aave's most recent letter that these users will be harmed by these assets remaining immobilized are no longer. (ECF No. 51 at 3).

Plaintiffs contacted counsel for Aave immediately upon seeing this news to ask if Aave would agree that its pending request to vacate is no longer urgent and would agree to a reasonable briefing schedule on a turnover motion. Counsel did not consent, contending that their motion remains "incredibly time-sensitive" because "[a]ny loan that may be required to be taken is in order to try to avert the potential damage you are causing," and noting that the loan will eventually have to be repaid, but did not dispute that protocol users are no longer at risk because of the restraint. Aave's email response is attached in full. Ex. A.



Washington, DC
Scottsdale, AZ
Los Angeles, CA

hi@gerstein-harrow.com          gerstein-harrow.com

# GERSTEIN HARROW LLP

Aave LLC identifies no urgency to deciding its motion other than the time value it must pay on restrained assets if it wants to rely on their value elsewhere, a harm that exists—on one side or the other—in nearly every civil case. Meanwhile, Plaintiffs have even offered to discuss substituting other assets for the Immobilized Assets if that would alleviate Aave LLC's burdens. ECF No. 50. And Plaintiffs have been prejudiced by being required to respond to Aave's motion in less than 24 hours. That timeline did not allow them to, among other things, introduce an expert report and other evidence to conclusively show that the Immobilized Assets were not in fact "stolen" under applicable law and, therefore, that Plaintiffs' judgments apply to them.

Plaintiffs therefore respectfully request that the Court hold Aave's pending motion in abeyance pending full briefing on a motion for turnover. Plaintiffs have suggested a briefing schedule in the included Proposed Order. In the alternative, the Court could deny the pending motion without prejudice to Aave being permitted to refile it on a non-emergency basis.

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
GERSTEIN HARROW LLP
1629 Columbia Road NW, Suite 302
Washington, DC 20004
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Robert Tolchin*
Robert Tolchin
THE BERKMAN LAW OFFICE LLC
829 E. 15th Street, Suite Seven
Brooklyn, New York 11230
rtolchin@berkmanlaw.com
(718) 855-3627



# GERSTEIN HARROW LLP

*Attorneys for all Plaintiffs in all listed actions*



Washington, DC
Scottsdale, AZ
Los Angeles, CA

hi@gerstein-harrow.com          gerstein-harrow.com