

Jason Gottlieb
Partner
(212) 735-8837
jgottlieb@morrisoncohen.com

May 11, 2026

**VIA ECF**

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 906
New York, New York 10007

      Re:    *Kim, et al. v. The Democratic People's Republic of Korea*, Case No. 25-MC-527

Dear Judge Garnett:

We represent interested non-party Aave LLC ("Aave LLC") in the above-captioned action. As the Court is well-aware from the Parties' prior briefing and the oral argument held on Wednesday May 6, 2026, Aave LLC is seeking immediate vacatur of the improperly issued Restraining Notice[1] that risks destroying hundreds of millions (and perhaps billions) of dollars' worth of value belonging to blameless third parties. I write in response to Plaintiffs' letter dated May 11, 2026 (Dkt. No. 53, the "May 11 Letter"), seeking to hold the Motion to Vacate in abeyance and to set a briefing schedule for Plaintiffs' "contemplated turnover motion." Aave LLC opposes both requests.

First, Plaintiffs' May 11 Letter conflates two distinct inquiries and, in doing so, misses the point of Aave LLC's Motion to Vacate. Aave LLC has asked the Court to vacate the Restraining Notice because property obtained through theft cannot confer title <u>even if</u> the thief is Plaintiffs' judgment debtor. That Motion to Vacate is fully briefed, and presents a purely legal question now before the Court. Its substantive merits do not rest on claims of urgency or irreparable harm, but on the settled, black-letter rule (described in Aave LLC's Motion to Vacate) that a thief does not acquire title.

None of the subsequent events to which Plaintiffs point bear on that dispositive legal defect of the Restraining Notice. The irreparable harm described in the Declaration of Luigi D'Onorio DeMeo (Dkt. No. 41, the "DeMeo Decl.") matters only because Plaintiffs have insisted on maintaining an invalid restraint <u>while</u> the Court considers the substantive question of whether the Restraining Notice must be vacated as a matter of law. The continuing harm underscores why

---

[1]    Defined terms used herein are used as defined in Aave LLC's Memorandum of Law (Dkt. No. 42, the "Memo of Law") in support of its motion to vacate (the "Motion to Vacate").

May 11, 2026
Page 2

the Motion to Vacate should be decided promptly or, at a minimum, why Plaintiffs should post a bond commensurate with the damage they are causing.

Second, Plaintiffs' proposals are wholly based on misinterpreting a single phrase in a public Aave update from last Friday night (attached to the May 11 Letter at Dkt. No. 53-3), stating, in part, that "[a]s the judge deliberates, and in the meantime as a contingency, separate funds will be borrowed to cover the difference until the immobilized ETH are rightfully restored to Aave users." (Emphasis added.) From that phrase, Plaintiffs incorrectly assert that "Aave has publicly committed that rsETH users will be made as whole as the release of the Immobilized Assets could make them. Accordingly, the concerns raised in Aave's most recent letter that these users will be harmed by these assets remaining immobilized are no longer." May 11 Letter at 1.

Contrary to Plaintiffs' May 11 Letter, the "funds" to be "borrowed" are not some new, finalized loan that materialized after the Court's May 8, 2026 order (Dkt. No. 52), which has now been put in place to prevent the harms we have detailed. The contemplated funds are multiple, potential loans, with terms, security interests, and interdependencies that are still being negotiated. (Those negotiations have been ongoing for weeks, as a contingency plan, as the update explicitly stated.) Crucially, certain loan terms depend on the release of the Immobilized Assets. Thus, the putative loans would not replace the need to vacate the Restraining Notice and release the Immobilized Assets; the loans and the release of the Immobilized Assets are separate components of the broader recovery described in ¶ 38 of the DeMeo Decl. As with any loan, the loans in question contain risks, and do not adequately substitute for full release of the Immobilized Assets. Moreover, the Restraining Notice has imposed, and continues to impose, concrete and ongoing financial harm on Aave Protocol users, who are being forced to incur borrowing costs they would not necessarily otherwise bear, solely because they cannot access the Immobilized Assets belonging to Aave Protocol users held on Arbitrum

Until these loans ultimately become finalized and drawn down and the rescue effort undertaken, they do not alter the current, ongoing harm described in the DeMeo Decl., which remains fully intact. As described by Mr. DeMeo, the "risk to Aave Protocol users grows with each passing minute" because "[i]f cascading liquidations, sustained liquidity outflows, or prolonged withdrawal constraints take hold, their effects are not reversible or capable of full remediation." Id. ¶ 42. The possibility of borrowing funds – which again, is still a possibility – does not mitigate the urgency, and certainly does not support Plaintiffs' claim that "protocol users are no longer at risk because of the restraint." Furthermore, the restoration of rsETH's backing is being effectuated at the direct expense of Aave Protocol users, who will bear the financial burden of the resulting bad debt.

Third, Plaintiffs' contemplated schedule for a turnover motion is simply unnecessary, for the same reasons that vacatur of the Restraining Notice is warranted. As Aave LLC has detailed for this Court, even if the thief were proven to be the same governmental entity as the judgment debtor in this case, thievery does not convey title, and the Immobilized Assets are not in the thief's



May 11, 2026
Page 3

possession, meaning that the thief has neither title nor possession – indeed, the thief has no property interests or rights whatsoever.  The Restraining Notice acts as an injunction, *see* Dkt. No. 51 (Aave's May 8 letter) at 3 (citing cases), and Plaintiffs have not met their significant burden to establish that the Restraining Notice should remain in place.

Plaintiffs' conclusory assertion that a putative "expert report and other evidence" will "conclusively show that the Immobilized Assets were not in fact 'stolen' under applicable law" does not cure the numerous defects in Plaintiffs' argument; there is no "expert report and other evidence" that could possibly overcome hundreds of years of settled law illustrating that a thief does not acquire legal rights in stolen property.  *See* May 8 Letter at 2 (citing cases).  There thus is no benefit to waiting for briefing on a putative turnover motion before granting the vacatur sought in Aave LLC's Motion to Vacate, let alone forcing Aave Protocol users to wait months more before being made whole.

In sum, this Court may reject Plaintiffs' suggestion that the harm described by Mr. DeMeo has dissipated.  We do not agree that consideration of Aave LLC's Motion to Vacate should be held in abeyance or delayed.  We respectfully continue to request that the Restraining Notice should be vacated, and if the Restraining Notice is going to be maintained pending any putative turnover proceeding, the Court should require Plaintiffs to post a bond to cover the ongoing damage they are causing in the meantime.

The matter remains urgent, and while Plaintiffs remain cavalier about the systemic and irreversible risks, Aave LLC cannot.

Respectfully submitted,

*/s/ Jason Gottlieb*

Jason Gottlieb

cc:  All Counsel of Record (via ECF)