USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HAN KIM, et al,

                    Plaintiffs,

        -against-

THE DEMOCRATIC PEOPLE'S REPUBLIC OF
KOREA, et al.,

                    Defendants.

---

25-MC-00527; 26-MC-00033;
26-MC-00094 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiffs in these related cases seek to collect unpaid judgments against the Democratic People's Republic of Korea ("North Korea") by collecting against cryptocurrency assets held by North Korea. On April 30, 2026, Plaintiffs filed an emergency motion to serve a restraining notice on Arbitrum DAO ("Arbitrum") pursuant to N.Y. C.P.L.R. § 5222(b) by alternative means. Dkt. No. 33. The purpose of the restraining notice was to prohibit the transfer of approximately $71 million in assets that Plaintiffs allege were obtained through a North Korean hacking operation and were subsequently frozen by Arbitrum. On May 1, 2026, the Court granted the emergency motion and authorized alternative service of the restraining notice. Dkt. No. 34. Plaintiffs' counsel served the restraining notice at approximately midnight on May 2, 2026. Dkt. No. 50-1 ¶ 11. On May 4, 2026, non-party Aave LLC filed an emergency motion to vacate the restraining notice. Dkt. No. 39.[1]

Although Aave LLC's motion was styled as a motion for emergency relief and not as a motion for a temporary restraining order ("TRO"), the legal standard for granting a TRO is instructive as to whether Aave LLC requires relief on an emergency basis. To obtain a TRO, the moving party must show, *inter alia*, a likelihood of irreparable injury. *Bragg v. Jordan*, 669 F. Supp. 3d 257, 266 (S.D.N.Y. 2023).[2] An irreparable injury is one "that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011). Aave LLC claims that it faces irreparable injury if the restraining notice is not vacated because "if ETH prices decline . . . positions that would otherwise remain solvent may be forced into liquidation, exacerbating losses and compounding the harms caused by the original incident." Dkt. No. 41 ¶ 42. Aave LLC describes this potential occurrence as "a Sword of Damocles hanging over countless blameless users of the Aave Protocol, and Aave LLC." Dkt. No. 51. Although the

---

[1] On May 8, 2026, the Court issued an order allowing the transfer of the subject assets to a wallet controlled by Aave LLC and requiring Aave LLC to abide by the restraining notice. Dkt. No. 52.

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

1

potential harms Aave LLC describes would certainly cause injury to Aave Protocol users, they are not—based on the record before this Court—actual and imminent. Aave LLC has not stated that the chain of compounding losses described in its filings will *inevitably* occur if the restraining notice remains in place. Rather, Aave LLC describes these losses as a "risk[]" that Aave Protocol users face while the assets remain restrained. Dkt. No. 51 at 3. Nor is it at all clear that these predicted harms would be ameliorated by vacating the restraining notice, or that any such harms are traceable to the restraining notice rather than the April 18 exploit itself. Accordingly, the harm Aave LLC alleges is too "speculative" and not sufficiently "actual and imminent" to warrant granting emergency relief at this time. *Dexter 345 Inc.*, 663 F.3d at 63.[3]

That said, the Court recognizes the risk of potential near-term harm to Aave LLC and Aave Protocol users. Due to the complexity of the issues raised in the parties' motions and at oral argument on May 6, 2026, and the extremely abbreviated timeline on which they were briefed, the Court orders the parties to submit supplemental briefing on the following issues:

1. To what extent are the hacking or "exploit" transactions (either step one of the exploit or step two) that took place on April 18, 2026 governed by N.Y. U.C.C. § 12-104? Does Section 12-104(d)'s shelter principle apply to the hacking-related transactions given the U.C.C.'s overarching "obligation of good faith in its performance and enforcement?" N.Y. U.C.C. § 1-304.

2. The parties' initial briefs focused on the distinction between a fraudulent transaction and a theft. *See, e.g.*, Dkt. No. 47 at 8. Given that a theft can be accomplished through deception, is the distinction between fraud and theft significant with respect to the claims of potential creditors of the assets that are the subject of the restraining notice, or the priority of those claims? *See, e.g.*, *United States v. Finnerty*, 533 F.3d 143, 148 (2d Cir. 2008) (acknowledging the concept of theft by deception).

3. Under N.Y. C.P.L.R. § 5222(b), "[a] restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service . . . he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest." The debtor's interest "must be understood to mean a direct interest in the property itself which, while it may require a court determination, is leviable and not an indirect interest in the proceeds of the property." *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 15-CV-7505, 2016 WL 6208288, at *6 (S.D.N.Y. Oct. 18, 2016). The Second Circuit has explained that the law recognizes only a thief's "possessory interest" in a stolen item, but not any "ownership interest." *United States v. Haqq*, 278 F.3d 44, 50–51 (2d Cir. 2002). If the hacking transactions can be characterized as theft, what interest do

---

[3] The parties' supplemental filings at Dkt. Nos. 53 and 54 do not alter this analysis. Aave LLC represents that it is in the process of negotiating "multiple, potential loans," certain of which have terms that depend upon the release of the subject assets. Dkt. No. 54 at 2. Because the loans do not appear to have fully materialized, as well as the uncertainty about the extent to which release of the restrained funds would remedy any injury, the existence of potential loans does not bear on the Court's analysis or alter its determination that Aave LLC does not currently require emergency relief.

2

the hackers currently have in the restrained assets given that they were no longer in the hackers' possession at the time the restraining notice was served?

4. Which law(s) controls the priority of creditors of the assets that are subject to the restraining notice?  What is Plaintiffs' legal basis for asserting that Plaintiffs have priority claims over the individuals whose assets were implicated in the hacking transaction?

5. Would imposing a constructive trust on the assets be an appropriate remedy?

6. *For Aave LLC*: To what extent is Aave LLC or Arbitrum able to identify the individual users or wallets that engaged in transactions with the hackers?  Could Aave LLC or Arbitrum return the assets on a pro rata basis to the individual users or wallets who were victims of the hackers?  Does Aave LLC's current proposal contemplate returning the assets directly and exclusively to the individual users who engaged in transactions with the hackers?  If not, or if that is not possible, please explain what will be done with the restrained assets if the order is lifted and how that would address the harms caused by the hackers' transactions.

Given the exigencies of the issues raised in Aave LLC's emergency motion, Plaintiffs and Aave LLC shall each file a supplemental brief by no later than **May 22, 2026**, of no more than 30 pages, addressing the questions set forth above.   If either party wishes to file a response, the deadline to do so is **May 29, 2026**.  The Court will hold a conference on **Friday, June 5, at 11:30 a.m.**  The conference will take place in Courtroom 906 in the Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY.  Additionally, given the overlap between the issues to be addressed in the supplemental briefs and any turnover proceedings, the parties should confer and propose an expedited briefing schedule (on consent, if possible) on Plaintiffs' forthcoming turnover motion.

Dated: May 13, 2026
    New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3