WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

**UNDER SEAL**

May 21, 2026

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Benson v. Islamic Republic of Iran*, No. 26-cv-2327 (LAP)
*Kim v. The Democratic People's Republic of Korea*, No. 25-mc-527 (MMG), Dkt. No. 56

Dear Judge Preska:

Pursuant to Rules 13 and 14 of the SDNY Rules for the Division of Business Among District Judges ("Rules for the Division of Business"), Plaintiffs respectfully submit this letter to request that other cases or filings seeking relief relating to the assets subject to attachment in this action be deemed related (or, as the case may be, transferred with the Court's consent) to your docket.[1]

As the Court is aware, Plaintiffs sought and obtained a writ of attachment in this action that now covers the assets held in two cryptocurrency wallets (the "TNiq Wallet" and the "TTiD Wallet"). *See* March 22, 2026 Order of Attachment (the "March 22 Order of Attachment"); April 28, 2026 Amended Order of Attachment (the "Amended Order of Attachment," and together with the March 22 Order of Attachment, the "Order of Attachment"). To the best of Plaintiffs' knowledge, they were the first judgment creditor to identify the TNiq Wallet as holding assets of a probable agency or instrumentality of Iran and were the first to establish priority in those assets by delivering the March 22 Order of Attachment to the Marshal on March 23, 2026. *See* March 23 Declaration of Aaron E. Nathan ¶ 2. On April 24, 2026, the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") added the TNiq and TTiD Wallet addresses to the listing for the Central Bank of Iran on OFAC's sanctions list, confirming both that the property held in those wallets is blocked and also property of an agency or instrumentality of Iran. *See* May 11 Declaration of Aaron E. Nathan ¶ 7; *see also, e.g.*, *id.* Ex. 6 ("Maleki Decl."), ¶ 12. Plaintiffs promptly sought an amended order of attachment covering both wallets. *See* Amended Order of Attachment. To the best of Plaintiffs knowledge, they were the first judgment creditor to seek relief

[1] Rule 13 provides that a request to deem cases related should be submitted to "the judge having the case with the lowest docket number." That is Your Honor, for two reasons: first, Plaintiffs understand that the *Benson* action has been related to No. 10-cv-4518, whereas the lowest docket number among the related *Kim* cases is a 13-cv number. Second, Plaintiffs understand that the related case rule applies to civil rather than miscellaneous cases, so even as between this action and the *Kim* actions, this is the case with the lowest civil docket number.

with respect to the TTiD Wallet and the first to establish priority in the assets held in that wallet by delivering the Amended Order of Attachment to the Marshal on April 29, 2026. *See* May 1, 2026 Declaration of Aaron E. Nathan ("May 1 Nathan Decl."), ¶ 2. The Marshal levied on the Garnishee by service on April 29. *Id.* ¶ 3. On May 11, Plaintiffs moved to confirm the Order of Attachment; Defendants' opposition is due May 26, 2026. *See* Notice of Motion to Confirm the Order of Attachment (May 11, 2026).

On May 14, 2026, the plaintiffs (the "*Kim* Plaintiffs") in *Kim v. Democratic People's Republic of Korea*, No. 25-mc-527 (S.D.N.Y.) (MMG) (the "*Kim* Docket") filed a motion for turnover of the assets held in the TNiq and TTiD Wallets. *Kim* Docket No. 56. Although the *Kim* action had, up until that point, involved the *Kim* Plaintiffs' efforts to execute on *other* assets in which they claim Iran has an interest—assets frozen by Circle and Tether well before Plaintiffs identified or OFAC sanctioned the TNiq and TTiD Wallets—the May 14 filing was the first time that the *Kim* Plaintiffs sought relief with respect to the assets held in the TNiq or TTiD Wallets.

Plaintiffs respectfully submit that the *Kim* action—or at least so much of it that seeks relief relating to the TNiq and TTiD Wallets—be deemed related to and/or transferred to Your Honor, who is presiding over the first request for judicial relief relating to the TNiq or TTiD Wallets. Similarly, Plaintiffs submit that future filings relating to the TNiq or TTiD Wallets should also be deemed related to this action and assigned or transferred to Your Honor, so that a single judge can hear and determine any disputed issues relating to the discrete assets subject to this action.

Rule for the Division of Business 13 provides that civil cases "will be deemed related . . . when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether

> (A) the actions concern the same or substantially similar parties, property, transactions, or events;
>
> (B) there is substantial factual overlap;
>
> (C) the parties could be subjected to conflicting orders; and
>
> (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, or witnesses.

Rule for the Division of Business 13(a)(1). Although the *Kim* Docket is a miscellaneous rather than a civil action, the *Kim* Plaintiffs turnover motion seeks relief that is civil in nature: execution and turnover of assets pursuant to Federal Rule of Civil Procedure 69 and CPLR 5225. And under the considerations set forth above, the interests of justice and efficiency would be served by having all claims to the TNiq and TTiD Wallets adjudicated before the same judge.

First, of course, these actions concern the same property. Rule for the Division of Business 13(a)(1)(A). Consequently, there is "substantial factual overlap" regarding the two sets of Plaintiffs' respective claims to that property. *Id.* 13(a)(1)(B). And perhaps most importantly, the fact that both sets of Plaintiffs seek to recover the same property means that the parties could be subjected to conflicting orders absent assignment to a single judge. *Id.* 13(a)(1)(C). Finally, the

duplication of effort and expense arising from having two or more parallel litigations relating to the same assets speaks for itself. *Id.* 13(a)(1)(D).[2]

Plaintiffs recognize the unusual posture of this request owing to the fact that Plaintiffs have sought relief in a civil action whereas the *Kim* Plaintiffs have sought relief in a turnover motion filed on their miscellaneous judgment-registration dockets. Plaintiffs do not believe that it would be necessary to deem *all* of the *Kim* Plaintiffs' related miscellaneous actions as related to this one, unless that is the only way to ensure that this Court is able to adjudicate the *Kim* Plaintiffs' turnover motion alongside this action. Notably, there is some indication in the Rules for the Division of Business that the Court has the ability to transfer only "part of a case"—and transfer of the *Kim* Plaintiffs' turnover motion is all that would be necessary for now. Rule for the Division of Business 14 (providing that "[a]ny judge, upon written advice to the assignment committee, may transfer directly any case *or any part of any case* on that judge's docket to any consenting judge") (emphasis added). In the alternative, Plaintiffs respectfully request that Your Honor and Judge Garnett confer, and that Judge Garnett transfer the *Kim* Plaintiffs' turnover motion to this Court with Your Honor's consent. *Id.*

For the foregoing reasons, Plaintiffs respectfully request that the *Kim* Plaintiffs' turnover motion, and any future cases or motions seeking relief with respect to the TNiq or TTiD Wallets, be deemed related to this action and assigned or transferred to Your Honor.

Counsel for Plaintiffs have conferred with counsel for the *Kim* Plaintiffs, who have stated that at this time, they oppose this request.

Finally, as the Court is aware, this case remains under seal pending further order of the Court. Plaintiffs requested that the Court unseal the case on May 15, 2026. *See* Plaintiffs' Letter Requesting Unsealing (May 15, 2026). As soon as this case is unsealed or the Court permits, Plaintiffs will file a copy of this letter on the *Kim* Docket to provide notice to Judge Garnett and to the *Kim* Plaintiffs.

---

[2] Plaintiffs are also aware of two groups of plaintiffs who have sought attachment of the same assets subject to the Order of Attachment in the U.S. District Court for the District of Columbia. *See Encinas v. Islamic Republic of Iran*, No. 18-cv-2568 (D.D.C. May 14, 2026), ECF No. 68; *Relvas v. Islamic Republic of Iran*, No. 14-cv-1752 (D.D.C. May 11, 2026), ECF No. 107. Because this Court had already assumed jurisdiction over the property subject to the Order of Attachment, this Court has prior exclusive jurisdiction over that property, and courts entertaining later-in-time filings must yield to this one. *See, e.g.*, *Est. of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 642 (D.C. Cir. 2025); *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 191-92 (2d Cir. 2018); *see also U.S. v. Bank of New York & Trust Co.*, 296 U.S. 463, 477 (1936).

Respectfully submitted,

/s/ Aaron E. Nathan
Aaron E. Nathan

Michael J. Gottlieb
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com

Nicholas Reddick (*pro hac vice* forthcoming)
Willkie Farr & Gallagher LLP
333 Bush St.
San Francisco, CA 94104
(415) 858-7400
nreddick@willkie.com

Lee S. Wolosky
Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Ave
New York, NY 10019
(212) 728-8000
lwolosky@willkie.com
anathan@willkie.com

*Counsel for Plaintiffs*