USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____6/1/2026_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HAN KIM, et al,

                Plaintiffs,

          -against-

THE DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, et al.,

                Defendants.

---

25-MC-00527 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiffs Han Kim and Yong Seok Kim initiated this action on November 20, 2025, seeking to register a foreign judgment against the Democratic People's Republic of Korea issued by the District Court for the District of Columbia. *See* Dkt. No. 1. On February 20, 2026, Plaintiffs filed a motion requesting that the Court order the U.S. Marshal to effectuate service on Tether International *S.A. de C.V* ("Tether") or, in the alternative, that the Court permit Plaintiffs to serve Tether by alternative means. Dkt. No. 13. Plaintiffs seek to serve Tether by (1) mailing a copy of the writ of execution by registered mail to Tether; and (2) sending those documents via email and registered mail to Tether's New York-based counsel. For the reasons set forth below, Plaintiffs' request for permission to serve Tether by alternate means is GRANTED.

## DISCUSSION

### I.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) allows a party to serve an individual in a foreign country by "means not prohibited by international agreement, as the court orders." A court may permit service by alternative means if the proposed means of service "(1) is not prohibited by

1

international agreement; and (2) comports with constitutional notions of due process." *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021)..[1]

## II.   ANALYSIS

Plaintiffs' motion for service by alternative means is granted because the proposed means of service are not prohibited by international agreement and comport with due process.[2]  Plaintiff represents that Tether is headquartered in El Salvador.  Dkt. No. 13-1 at 2.  El Salvador is a party to the Hague Convention and has not objected to Article 10 of the Convention..[3]  *Wen v. Tether Operations Ltd.*, No. 25-CV-3032, 2025 WL 3271917, at *2 (E.D.N.Y. Oct. 24, 2025).  "Article 10(a) [of the Hague Convention] stipulates that so long as the 'State of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents, by *postal channels*, directly to persons abroad." *Smart Study Co., Ltd v. Shenzhenshixin-dajixieyouxiangongsi*, 164 F.4th 164, 170 (2d Cir. 2025).  Accordingly, the Hague Convention does not prohibit service to Tether by registered mail to its corporate headquarters in El Salvador.  Additionally, Plaintiffs seek to serve Tether's U.S. counsel.  Service on U.S.-based counsel "is a common form of service ordered under Rule 4(f)(3)" and "nothing in the Hague Convention prohibits such service." *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013) ("[B]ecause service on counsel occurs domestically, and does not involve

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

[2] As Plaintiffs note, their request for Marshal's service seeks "an unusual method of service, in the context of turnover proceedings." Dkt. No. 13-1 at 2.  However, the Court need not reach that request because the Court is authorizing Plaintiffs' request for alternative service, which is permissible for the reasons set forth above.

[3] *See* HCCH, *Declaration/Reservation/Notification*, https://www.hcch.net/en/instruments/conventions/status%02table/notifications/?csid=1530&disp=resdn (last accessed April 9, 2026).

2

transmission of documents abroad, it does not even implicate the Hague Convention."). Accordingly, Plaintiffs' proposed methods of service satisfy the first requirement of Rule 4(f)(3).

Plaintiffs' proposed means of service also comport with due process. A method of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22-CV-00558 (PAE), 2022 WL 3701216, at *9 (S.D.N.Y. Aug. 26, 2022). Plaintiffs seek to serve Tether directly by mail at its corporate headquarters and via service to Tether's U.S. counsel. Tether lists the address at which Plaintiffs seek to serve it via mail as its "registered office" in its corporate disclosures. Dkt. No. 13-8 at 4. Accordingly, serving Tether at that address is reasonably calculated to apprise Tether of the pendency of this action. Service to Tether's counsel also comports with due process. "[A] party seeking leave to serve [a party] by counsel must show adequate communication between the individual and the attorney." *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012). Here, Tether's counsel has confirmed that it represents Tether in this action and has already had conversations with Plaintiffs' counsel in its representative capacity. Dkt. No. 13-2 ¶ 2. These circumstances sufficiently establish the "adequate communications" required for service upon counsel and suggest that such service is reasonably calculated to apprise Tether of this action. *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 267.

## CONCLUSION

Plaintiffs' motion for alternative service is GRANTED. Plaintiffs may serve Tether through the following methods:

3

1) Mailing a copy of the writ of execution (in English alongside a certified Spanish copy), via a mail delivery service that provides proof of delivery, to Edificio Torre Futura, Oficina 6, Nivel 11, entre 87 y 89 avenida norte, Colonia Escalón, San Salvador, El Salvador.

2) Sending a copy of the writ of execution (in English alongside a certified Spanish copy) by email to bberke@gibsondunn.com and dketani@gibsondunn.com; and by mailing them, via a mail delivery service that provides proof of delivery, to Barry H. Berke and Daniel M. Ketani, Gibson Dunn & Crutcher LLP, 200 Park Ave., New York, NY 10166.

The Clerk of Court is respectfully directed to terminate Dkt. No. 13.


Dated: June 1, 2026
   New York, New York


SO ORDERED.

MARGARET M. GARNETT
United States District Judge

4