USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___6/1/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAN KIM, et al,

                    Plaintiffs,

-against-

THE DEMOCRATIC PEOPLE'S REPUBLIC OF
KOREA, et al.,

                    Defendants.

25-MC-00527 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiffs Han Kim and Yong Seok Kim initiated this action on November 20, 2025, seeking to register a foreign judgment against the Democratic People's Republic of Korea. *See* Dkt. No. 1. Plaintiffs also seek the turnover of certain assets held by the cryptocurrency platform Circle Internet Financial LLC ("Circle") and intend to seek the same from Tether International S.A. de C.V. ("Tether"). *See* Dkt. Nos. 4, 13-1. On February 27, 2026, Plaintiffs moved to consolidate this case with 20 other cases registering judgments against either the Democratic People's Republic of Korea ("North Korea"), the Islamic Republic of Iran, or both. Dkt. No. 16. For the reasons set forth below, the motion is DENIED. However, the Court has now designated all of the identified cases in Plaintiffs' motion as "related," and all have now been assigned to the undersigned for ease of coordination among the group of cases. Accordingly, to the extent any discovery-related issues apply to multiple cases, the parties may file motions that encompass more than one case and request that the matter be resolved in one proceeding for multiple cases.

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Consolidation is an "important tool

1

of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Almonte Espinal v. Male Police Officer 1*, No. 25 CIV. 4100 (PAE), 2026 WL 904774, at *1 (S.D.N.Y. Apr. 2, 2026) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Id.* "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Consolidation is not warranted here because the cases appear poised to present different questions of fact and law. According to Plaintiffs, the cases all raise the question of "[w]hich crypto assets issued by Garnishees Circle Internet Financial LLC ("Circle") and Tether International S.A. de C.V. ("Tether") must be turned over to satisfy the [plaintiffs'] judgments?" Dkt. No. 13-1 at 1. However, even the limited motion practice in this case thus far demonstrates that there may be distinct issues relating to the circumstances of particular cases even with regard to this question. For example, Plaintiffs and Circle raised a discovery dispute over Circle's withholding of documents related to U.S. Dollar Coin use by the Democratic People's Republic of Korea because the documents have the potential to "concern and potentially compromise ongoing law enforcement or national security investigations." Dkt. No. 14 at 2. Whether those same issues apply to documents related to assets held by the Islamic Republic of Iran or other foreign governments is unknown to the Court at this time. Furthermore, Plaintiffs themselves acknowledge that the issues raised in the cases may not be universally applicable. *See* Dkt. No. 31 (describing a forthcoming motion that will relate to only five of the cases at issue). Accordingly, the cases present the potential to raise differing factual and legal issues that render consolidation inappropriate.

Plaintiffs' primary concern in seeking consolidation is to avoid inconsistent rulings across cases on certain common issues. Dkt. No. 13-1 at 5. But that concern is more appropriately addressed through the actions the Court has already taken: designating all identified cases as "related" and assigning all of them to the undersigned. To the extent any issues apply to more than one case, the parties may file a single submission addressing that issue, clearly indicating which cases the submission pertains to.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion to consolidate is DENIED. The Clerk of Court is respectfully directed to terminate Dkt. No. 16.

Dated: June 1, 2026
   New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge