# Gerstein Harrow llp

The Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*Re: Related-Case Statement in* Benson v. Islamic Republic of Iran, *No. 26-CV-2327 (LAP)*

Dear Judge Garnett,

This letter relates to the cases listed in postscript, all pending before Your Honor, in which my firm represents all of the Plaintiff-Judgment Creditors. I write to respond to the related-case statement filed by the plaintiffs in *Benson v. Islamic Republic of Iran*, No. 26-CV-2327, who have requested that "filings seeking relief relating to the assets subject to attachment in [the *Benson* action] be deemed related" and transferred to Judge Preska, who is presiding over that Action. *See* ECF No. 66. I agree that the turnover motion (ECF No. 56) is related to *Benson* but respectfully suggest that *Benson* be transferred to Your Honor in the interests of judicial efficiency.

On February 3, 2026, Plaintiffs in *Campuzano v. Islamic Republic of Iran*, 13-mc-146, *Goldberg-Botvin v. Islamic Republic of Iran*, 13-mc-323, *Ben Haim v. Islamic Republic of Iran*, 16-mc-94, *Ben Haim v. Islamic Republic of Iran*, 16-mc-95, *Kaplan v. Central Bank of The Islamic Republic of Iran*, 26-mc-33, *Braun v. Islamic Republic of Iran*, 26-mc-34, *Botvin v. Islamic Republic of Iran*, 26-mc-35, and *Bodoff v. Islamic Republic of Iran*, 26- mc-36, served writs of execution on the U.S. Marshal for this District. On February 20, 2026, while many of the above cases were still assigned to other judges, and while the Assignment Committee of this Court was still considering how best to determine the assignment of these matters, Plaintiffs in *Kim* moved to direct the Marshal to effect service or for alternative service. ECF No. 13. On May 5, as soon as all these cases were related, all Plaintiffs joined that motion. ECF No. 48. Plaintiffs extended the writs of execution by writing to the Marshal pending this Court's disposition of the pending motions, and the writs of execution have not been returned. On June 1 and 2, this Court granted alternative service as to all cases. ECF Nos. 69, 72.

On May 27, 2026, the plaintiffs in *Benson v. Islamic Republic of Iran*, No. 26-CV-2327, noticed this Court of their action, a civil case against Iran and its agencies or instrumentalities filed approximately one month after Plaintiffs' writs of execution were served. ECF No. 66. The *Benson* Plaintiffs contend that their case is related to Plaintiffs' turnover motion (ECF No. 56) because the *Benson* Plaintiffs seek to collect the same assets. *Id.* at 2. The *Benson* Plaintiffs further suggest that Plaintiffs'



Washington, DC
Scottsdale, AZ
Los Angeles, CA

hi@gerstein-harrow.com          gerstein-harrow.com

# Gerstein Harrow llp

turnover motion, but not the rest of these consolidated cases—which this Court recently described at a hearing as "sprawling"—be transferred to Judge Preska.

Plaintiffs agree that their turnover motion is related to *Benson* because both concern attempts to collect the assets against which Plaintiffs served writs of execution on February 3 and, therefore, that judicial efficiency would be forwarded by both matters being decided by the same judge.

But Plaintiffs—with sincere apologies to Your Honor for suggesting a further increase in sprawl on this docket—respectfully suggest that the interests of judicial efficiency would be forwarded by reassigning *Benson* to Your Honor rather than transferring Plaintiffs' motion to Judge Preska while leaving all related post-judgment proceedings concerning crypto assets behind. Plaintiffs do not understand the *Benson* parties to be arguing that any rule for the division of business *requires* that the turnover motion be reassigned—assigning "part of" a case can be done only by consent —and so the question is only judicial efficiency. The *Benson* Plaintiffs offer no argument that transferring Plaintiffs motion would be more efficient than transferring *Benson*. These consolidated cases, as well as *Kim*, *Calderon-Cardona*, and *Butler*, all concern attempts to collect terrorism judgments against crypto assets. So does *Benson*. Given this Court's familiarity with those attempts, *e.g.* ECF No. 34, 42–47, 52–55, 60–62, including specifically with the business of stablecoin issuers, *see* Min. Order of May 27, judicial efficiency would be forwarded by sparing Judge Preska the need to familiarize herself with, among other things, blockchain technology and the business of stablecoin issuers.

Further, it appears that determining priority in this case may concern the effect of Plaintiffs' writs of execution and their recently granted motions for alternative service. The *Benson* Plaintiffs contend that they are the first to "establish priority in the assets" because they "deliver[ed] the Amended Order of Attachment to the Marshal on March 23, 2026." ECF No. 66-1 at 1. But Plaintiffs here delivered a writ of execution directed to all assets of all the judgment-debtor defendants (including the Iranian Revolutionary Guard Corps) nearly two months earlier. The *Benson* Plaintiffs may, therefore, contend that their writs prevail simply because Judge Preska granted a motion for alternative *service* of the writ on *Tether* before Your Honor did so, all at the same time as Your Honor was awaiting guidance from the assignment committee on whether to consider Plaintiffs' cases together. Plaintiffs respectfully suggest that Your Honor's knowledge of Plaintiffs' collection attempts will aid the Court's consideration of these matters.

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein



GH

Washington, DC
Scottsdale, AZ
Los Angeles, CA

hi@gerstein-harrow.com              gerstein-harrow.com

# GERSTEIN HARROW LLP

GERSTEIN HARROW LLP
1319 F Street NW, Suite 301
Washington, DC 20004
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Robert Tolchin*
Robert Tolchin
THE BERKMAN LAW OFFICE LLC
829 E. 15th Street, Suite Seven
Brooklyn, New York 11230
rtolchin@berkmanlaw.com
(718) 855-3627

*Attorneys for all Plaintiffs in:*

- *Campuzano v. Islamic Republic of Iran*, 13-mc-146
- *Goldberg-Botvin v. Islamic Republic of Iran*, 13-mc-323
- *Ben Haim v. Islamic Republic of Iran*, 16-mc-94
- *Ben Haim v. Islamic Republic of Iran*, 16-mc-95
- *Kaplan v. Central Bank of The Islamic Republic of Iran*, 26-mc-33
- *Braun v. Islamic Republic of Iran*, 26-mc-34
- *Botvin v. Islamic Republic of Iran,* 26-mc-35
- *Bodoff v. Islamic Republic of Iran*, 26-mc-36
- *Ben Yishai v. Syrian Arab Republic*, 26-mc-81
- *Borochov v. Islamic Republic of Iran*, 26-mc-82
- *Fakhoury v. Islamic Republic of Iran*, 26-mc-83
- *Force v. Islamic Republic of Iran*, 26-mc-84
- *Fraenkel v. Islamic Republic of Iran*, 26-mc-85
- *Jakubowicz v. Islamic Republic of Iran*, 26-mc-86
- *Rubin v. Islamic Republic of Iran*, 26-mc-87
- *Salzman v. Islamic Republic of Iran*, 26-mc-88
- *Stern v. Islamic Republic of Iran*, 26-mc-89
- *Weinstein v. Islamic Republic of Iran*, 26-mc-90



# GERSTEIN HARROW LLP

4



Washington, DC
Scottsdale, AZ
Los Angeles, CA

hi@gerstein-harrow.com

gerstein-harrow.com