GERSTEIN HARROW LLP

The Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

August 19, 2026

*Re: Supplemental Filing in Support of Turnover Motion Against Circle Internet Financial LLC in* Kim v. Democratic People's Republic of Korea [DPRK], *No. 25-MC-527*

Dear Judge Garnett,

This letter concerns *Kim v. DPRK*, No. 25-MC-527, in which the Kims have sought turnover against North Korean assets held by Garnishee Circle Internet Financial LLC. ECF No. 4. Because Circle's responses to discovery were delayed by the Government's consideration of various privileges, the parties agreed—and this Court so-ordered—that the Kims would submit "a supplemental brief in support of its motion, limited to issues raised by material produced in discovery, by August 20." ECF No. 27. Because Circle's discovery production was extremely limited, the Kims can keep this supplemental filing quite short.

In their opening memorandum, the Kims contended as a factual matter that the subject assets were property of DPRK and that Circle froze (or "implemented access denial on," as Circle puts it) the assets for that reason. ECF No. 4-2 ¶¶ 37, 38. Circle has since that filing produced a discovery response saying that that "Circle will implement Access Denials on individual addresses in order to comply with a law, regulation, or legal order from a duly recognized U.S. or French authorized authority, U.S. or French court of competent jurisdiction, or other governmental authority with jurisdiction over Circle," but otherwise Circle "does not decide whether to implement Access Denials based on any . . . determination by Circle." Disc. Resp. (Attached) at 3. Therefore, because Circle implemented access denial on the addresses that are the subject of the Kims' motion, *see* ECF No. 4-2 ¶¶ 37, 38; because Circle "does not decide" whether to implement Access Denials based on its own determination but does so only if required by a court order or law, *see* Disc. Resp. at 3, 6; ECF No. 4-2 ¶ 35; and because the only potentially applicable orders or laws cover property attributable to North Korea, *see* ECF No. 4-2 ¶¶ 37, 38; Circle's assertions in discovery confirm what the Kims originally argued and what is already asserted in the Motion and the accompanying Statement of Undisputed Material Facts: The frozen assets at issue belong to North Korea.

The Kims rest on the remainder of their memorandum. For the reasons explained there, this Court should order turnover.

Sincerely,
*/s/ Charles Gerstein*
Charles Gerstein
Attorney for Plaintiffs

GH
gerstein-harrow.com
hi@gerstein-harrow.com
(202) 670-4809
1319 F Street NW
Suite 301
Washington, DC 20004