**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HAN KIM, YONG SEOK KIM, YONG HWA CHUNG KIM, CHUNG KOOK KIM, and DANI BUTLER,

Plaintiffs,

v.

THE DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, a.k.a. NORTH KOREA,

Defendant,

CIRCLE INTERNET FINANCIAL LLC,

Garnishee.

Case No. 1:25-mc-00527-MMG

HAN KIM, YONG SEOK KIM, YONG HWA CHUNG KIM, CHUNG KOOK KIM, and DANI BUTLER,

Plaintiffs,

v.

CIRCLE INTERNET GROUP, INC., and CIRCLE INTERNET FINANCIAL, LLC,

Defendants.

Case No. 1:26-cv-05445-MMG

**MEMORANDUM OF LAW IN SUPPORT OF GARNISHEE AND DEFENDANT CIRCLE INTERNET FINANCIAL, LLC'S MOTION TO VACATE RESTRAINING NOTICE**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 2

A. Plaintiffs Obtain a Default Judgment Against North Korea ..... 2

B. The Restraining Notice ..... 2

C. Circle Does Not Possess the Contents of the Three Wallet Addresses ..... 3

LAW AND ARGUMENT ..... 3

A. CPLR 5222(b) Permits Only the Restraint of Property in Which the Judgment Debtor Is Known or Believed to Have an Interest ..... 4

B. The Restraining Notice Is Ineffective Because, at the Time of Service, Circle Did Not Have Actual Possession of Any Property in Which North Korea Has an Interest ..... 5

(i) The Restrained Party Must Have Possession or Custody of the Judgment Debtor's Property at the Time of Service ..... 5

(ii) Under New York Law, the Words "Possession or Custody" Mean Actual Possession ..... 6

(iii) Circle Did Not Have Actual Possession of Any North Korean Property at the Time the Restraining Notice Was Served ..... 8

CONCLUSION ..... 9

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*AG Worldwide v. Red Cube Mgmt. AG*,
No. 01 Civ. 1228 (GEL),
2002 WL 417251 (S.D.N.Y. Mar. 15, 2002) ....4, 5, 6

*AXGINC Corp. v. Plaza Automall, Ltd.*,
No. 14-cv-4648 (ARR) (VMS),
2018 WL 4771886 (E.D.N.Y. Oct. 2, 2018) ....6

*Cascade Automatic Sprinkler Corp. v. Chase Manhattan Bank (Nat'l Ass'n)*,
60 A.D.2d 901 (1978) ....9

*Commonwealth of N. Mariana Islands v. Canadian Imperial Bank of Commerce*,
21 N.Y.3d 55 (2013),
*aff'd*, 717 F.3d 266 (2d Cir. 2013) ....6, 7, 8

*Greenwood Packing Corp. v. Triangle Meat & Provisions Corp.*,
120 A.D.2d 701 (2d Dept. 1986) ....8

*Hillwick Inc. v. Advanced Ready Mix Supply Corp.*,
2017 NY Slip Op 32156(U) (Kings Cty. Sup. Ct. 2017) ....9

*Israel Disc. Bank Ltd. v. P. S. Prods. Corp.*,
65 Misc. 2d 1002 (Sup. Ct. 1971) ....9

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*,
295 F. Supp. 2d 366 (S.D.N.Y. 2003) ....4

*Kim v. Circle et al.*,
No. 26-cv-5445-MMG (S.D.N.Y.) ....2, 4

*Kim v. DPRK*,
No. 25-mc-527-MMG (S.D.N.Y.) ....2, 3

*Taag Designs, Inc. v. Grant*,
46 Misc. 2d 505, 259 N.Y.S.2d 934 (Sup. Ct. 1965) ....3, 9

*Verizon New England Inc. v. Transcom Enhanced Servs., Inc.*,
98 A.D.3d 203 (1st Dept. 2012),
*aff'd*, 21 N.Y.3d 66, 990 N.E.2d 121 (2013) ....4

### STATUTES

Civil Practice Act § 781 ....7

Civil Practice Act § 796 ....................7

## RULES

CPLR Art. 52 ....................7

CPLR § 5222....................3, 4, 6, 8

CPLR § 5222(b).................... *passim*

CPLR § 5225....................8

CPLR § 5225(b)....................1, 7, 8

CPLR § 5240....................3

## OTHER AUTHORITIES

54 N.Y. Jur. 2d Enforcement and Execution of Judgments § 219....................5

Siegel, N.Y. Prac. § 508 (6th ed.) ....................5

## PRELIMINARY STATEMENT

Plaintiffs served a restraining notice on Circle Internet Financial, LLC ("Circle") in connection with a special proceeding seeking to require Circle to turn over the contents of three cryptocurrency wallet addresses on the Ethereum blockchain in satisfaction of their default judgment against North Korea.[1] But that restraining notice is invalid on its face. The Court should vacate it.

Plaintiffs allege that the wallet addresses and USDC contained in them belong to North Korea. Yet Plaintiffs do not allege that Circle has actual possession of the USDC contained in the wallets or that Circle can deliver USDC contained in the wallets to them. Instead, Plaintiffs are purporting to require Circle to provide them with other USDC or an equivalent amount of money, ostensibly pursuant to CPLR 5225(b). In fact, Circle does not possess the contents of the wallets and cannot access them, much less turn them over to Plaintiffs.[2]

Before Plaintiffs served the restraining notice, Circle had implemented an "Access Denial" preventing the three wallet addresses from sending or receiving USDC. Perhaps for that reason, the restraining notice references the wallets but does not purport to restrain Circle with respect to their contents. Rather, the restraining notice contains two provisions purporting to restrain Circle itself. But both provisions are invalid on their face.

The first provision purports to forbid Circle from making or suffering any sale, assignment, transfer or interference in which Circle has an interest. CPLR section 5222(b), however, only permits a restraint on property in which the judgment debtor—here North

[1] The restraining notice is Exhibit A to the Declaration of Joshua A. Baskin ("Baskin Decl.") and incorporated here by reference.
[2] *See* Declaration of Joanna Marathakis ("Marathakis Decl.") ¶¶ 9–14.

Korea—is known or believed to have an interest. The statute does not permit Plaintiffs' purported restraint of any of Circle's assets, much less all of them.

The restraining notice's second provision purports to restrain Circle with respect to property in which North Korea has an interest coming into Circle's possession or custody after service. Under CPLR 5222(b), however, for that forward-looking restraint to apply, Circle must have been in actual possession of property in which it knew North Korea had an interest at the time of service. Again, Circle did not have actual possession of any USDC contained in the identified wallets or any other wallet in which North Korea had an interest at the time of service, rendering this restraining provision ineffective *ab initio*.

In all respects, therefore, the restraining notice is invalid on its face and should be vacated.

## STATEMENT OF FACTS

### A. Plaintiffs Obtain a Default Judgment Against North Korea

In 2015, Plaintiffs Han Kim and Yong Seok Kim ("Plaintiffs") obtained a $330 million default judgment against the Democratic People's Republic of Korea ("North Korea"). *Kim v. Circle et al.*, No. 1:26-cv-05445-MMG, ECF No. 1 ¶ 23. On November 20, 2025, Plaintiffs registered the judgment in this Court. *Id.* ¶ 26; *see also Kim v. DPRK*, No. 25-mc-527 (S.D.N.Y. 2025). Defendant Circle is named as a garnishee in that action.

### B. The Restraining Notice

On November 26, 2025, Plaintiffs served a restraining notice on Circle. *See* Baskin Decl. Ex. A (copy of restraining notice and service documentation). The restraining notice is incorporated here by reference as if set forth in full.

On December 11, 2025, Plaintiffs served a writ of execution on Circle and Circle Internet Group, Inc. *Kim v. DPRK*, No. 25-mc-527, ECF No. 18 (S.D.N.Y. 2025).

### C. Circle Does Not Possess the Contents of the Three Wallet Addresses

Circle issues the stablecoin USDC. Marathakis Decl. ¶ 2. USDC can be stored in digital wallet addresses on supported blockchains. *Id.* ¶ 8. To access or move the contents of a wallet address on a blockchain, one must know the address's private key. *Id.* Without knowing a wallet address's private key, Circle cannot retrieve anything, including USDC, from that address. *Id.* Circle has never known the private key for any of the three wallet addresses at issue in Plaintiffs' special proceeding. *Id.* ¶ 12. Circle has never possessed the contents of the three wallet addresses. *Id.* ¶¶ 11–12. Circle has never been able to access or move anything, including USDC, in those wallet addresses. *Id.* ¶¶ 12–13.

Circle has the technical capability to block individual wallet addresses from sending and receiving USDC, a process Circle calls blocklisting or an "Access Denial." *Id.* ¶ 7. Even before it was served with the restraining notice, Circle had implemented Access Denials as to the three wallet addresses. *Id.* ¶ 10. Those Access Denials remain in place today. *Id.*

## LAW AND ARGUMENT

CPLR 5240 authorizes a restrained party to move for an "order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure," including a restraining notice served under CPLR 5222. *Taag Designs, Inc. v. Grant*, 46 Misc. 2d 505, 507, 259 N.Y.S.2d 934, 936 (Sup. Ct. 1965) (granting motion to vacate restraining order under C.P.L.R. 5240). Here, both provisions purporting to restrain Circle were invalid *ab initio.*

With respect to persons other than a judgment debtor, CPLR 5222(b) permits the restraint of property in which the judgment debtor is known or believed to have an interest, and which is

in the actual possession of the person served with the notice at the time of service. CPLR 5222(b). Such a notice may also restrain such property coming into the third party's actual possession after service, but only if the third party was in actual possession of property identified in the notice at the time of service. *Id.* If the third party was not in actual possession of the judgment debtor's property at the time of service, the restraint never takes effect at all. *Id.*

Here, the restraining notice contains two provisions purporting to restrain Circle. Both are invalid on their face.

### A. CPLR 5222(b) Permits Only the Restraint of Property in Which the Judgment Debtor Is Known or Believed to Have an Interest

The first provision purports to forbid Circle from making or suffering any sale, assignment, transfer or interference in which *Circle* has an interest. But CPLR 5222 only permits the restraint of property in which the judgment debtor—here North Korea—is known or believed to have an interest. Plaintiffs' purported restraint of Circle's assets is beyond the scope of CPLR 5222(b) and therefore invalid. *See JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 391 (S.D.N.Y. 2003) ("Restraining notices issued pursuant to § 5222 are effective against assets in which the judgment debtor has an 'interest,' and they 'only reach property and debts with such a connection to the judgment debtor'" (quoting *AG Worldwide v. Red Cube Mgmt. AG*, No. 01 Civ. 1228 (GEL), 2002 WL 417251, at *8 (S.D.N.Y. Mar. 15, 2002)); *Verizon New England Inc. v. Transcom Enhanced Servs., Inc.*, 98 A.D.3d 203, 204 (1st Dept. 2012), *aff'd*, 21 N.Y.3d 66, 990 N.E.2d 121 (2013) (restraining notice ineffective where it sought to restrain funds not owed to the judgment debtor).

### B. The Restraining Notice Is Ineffective Because, at the Time of Service, Circle Did Not Have Actual Possession of Any Property in Which North Korea Has an Interest

The second provision purports to restrain Circle with respect to property in which North Korea has an interest coming into Circle's possession or custody after service. This provision was never effective because Circle was not in actual possession of any USDC owned by North Korea at the time of service.

A forward-looking restraint of this kind would only be effective if Circle were in actual possession of property in which it knew North Korea had an interest at the time of service. Circle was not, rendering this restraining provision ineffective *ab initio*.

#### (i) The Restrained Party Must Have Possession or Custody of the Judgment Debtor's Property at the Time of Service

Under CPLR 5222(b), a restraining notice is only effective if "at the time of service," the third party is "in possession or custody of property in which he or she knows or has reason to believe the judgment debtor has an interest." CPLR 5222(b). Courts interpret this CPLR provision consistently: restraining notices against a third party are ineffective unless, at the time they are served, the third party owes a debt to or possesses property belonging to the judgment debtor. *See, e.g.*, *AG Worldwide*, 2002 WL 417251, at *8 ("If the third parties do not have property or debts in which the judgment debtor has an interest, the restraining notices are not effective."); *see also* Siegel, N.Y. Prac. § 508 (6th ed.) ("A restraining notice served on a garnishee is effective only if, when served, the garnishee owes a debt to or has property belonging to the judgment debtor. If the garnishee has such debt or property at that moment, the restraint will apply to that property as well as to all other property 'thereafter coming into' the garnishee's possession. If the garnishee lacks any such property or obligation at the moment of service, the restraint never takes effect at all."); 54 N.Y. Jur. 2d Enforcement and Execution of

Judgments § 219 ("[I]t is essential that the third person or garnishee in fact owes money to the judgment debtor or holds possession or has custody of property in which such debtor has an interest.").

"This limitation," as the legislative commentary explains, "is designed to relieve persons who may have no connection with the judgment debtor from the burden of imposing a continuing check upon all funds or property which may subsequently be received during the effective period of the notice." CPLR 5222 McKinney, Legislative Studies And Reports. And "if the judgment debtor has no account or safe deposit box in a banking institution at the time of service"—much like here—"the institution has no further obligation, even if the judgment debtor thereafter opens an account." *Id.* "[A]ny other rule" would impose an "excessive" burden on the institutions. *Id.*

Plaintiffs here seek to impose just such an excessive burden. *See also AG Worldwide*, 2002 WL 417251, at *8 (restraining notice ineffective where there was "no showing" that garnishees "held any property of [judgment debtor]"); *AXGINC Corp. v. Plaza Automall, Ltd.*, No. 14-cv-4648 (ARR) (VMS), 2018 WL 4771886, at *6 (E.D.N.Y. Oct. 2, 2018) ("[A] judgment creditor may not restrain the bank account of a third party *unless and until* it shows that the account actually contains funds that belong to the judgment creditor.") (emphasis in original).

**(ii) Under New York Law, the Words "Possession or Custody" Mean Actual Possession**

A restraining notice against a third party like Circle only covers property "in the possession or custody" of the third party in which the judgment debtor has an interest. CPLR 5222(b). The New York Court of Appeals has held that "possession or custody" means actual possession, not control or constructive possession. *Commonwealth of N. Mariana Islands v.*

*Canadian Imperial Bank of Commerce*, 21 N.Y.3d 55, 61 (2013), *aff'd*, 717 F.3d 266 (2d Cir. 2013).

In *Northern Mariana Islands*, the Court of Appeals considered a question certified to it by the Second Circuit: whether "a judgment creditor can obtain a CPLR article 52 turnover order against a bank to garnish assets held by the bank's foreign subsidiary." *Id.* at 57. Its answer was no. To reach that conclusion, the *Northern Mariana Islands* court began by interpreting the words "possession or custody" in CPLR Section 5225(b), which governs turnover of a judgment debtor's property not in his or her possession. Section 5222(b), at issue here, governs restraining notices against third parties with respect to such property, and similarly limits the scope of such notices to property in their "possession or custody."

Both Sections 5225(b) and 5222(b) were enacted in 1962 as part of the CPLR, which replaced the Civil Practice Act. Civil Practice Act Section 796 (the predecessor to CPLR Section 5225(b)), provided for turnover of a judgment debtor's property "in the possession or under the control of another person." *Northern Mariana Islands*, 21 N.Y.3d at 61 (quoting Civ. Prac. Act § 796). In enacting Section 5225(b), the legislature removed the word "control," replacing it with "possession or custody." *Id.* "The exclusion of the word 'control' signaled a purposeful legislative modification of the applicable scope of turnover statutes" to the "narrower 'possession or custody' standard" which "contemplates actual possession." *Id.* at 61–63.

*Northern Mariana Islands* applies equally to "possession or custody" in CPLR Section 5222(b). Civil Practice Act Section 781 (the predecessor to CPLR Section 5222(b)), was written narrowly to restrain only a judgment debtor's property in the "possession" of a third party. It did not restrain property in the "control" of a third party but not in its possession. Section 5222(b), by requiring "possession or custody," preserves the narrower restraint.

In fact, the Court of Appeals in *Northern Mariana Islands* expressly applied its interpretation to the "entire CPLR." In construing the meaning of Section 5225(b), the court considered that "related provisions" of the CPLR were enacted to include the "possession and custody" language, while others, especially those involving "expansive rules of disclosure," employ the broader "possession, custody or control" language. *Northern Mariana Islands*, 21 N.Y.3d at 61–62. The court observed that "sections of the CPLR pertaining to the disposition of property," such as 5222 and 5225, utilize the narrower "possession or custody" standard. "This distinction supports the view that the legislature has applied a higher standard to insure the proper disposition of property." *Id*. at 63 (citing sections 5222 and 5225 as among those that "limit the levy of personal property" to items within the "possession or custody" of the defendant). The court concluded that it was "required to construe the entire CPLR in a manner that harmonizes these variations":

> In light of these differences, the most reasonable way to interpret these provisions is to conclude that 'possession, custody or control' contemplates constructive possession, whereas 'possession or custody,' by its omission of the term "control," refers to actual possession.

*Id.*

**(iii) Circle Did Not Have Actual Possession of Any North Korean Property at the Time the Restraining Notice Was Served**

Circle does not possess—and has never possessed—the contents of any of the three wallet addresses referenced in Plaintiffs' special action and never has. Marathakis Decl. ¶ 11. Circle can neither access nor move those contents, much less turn them over to anyone. *Id.* ¶ 13.

The restraining notice is therefore ineffective and, as court after court confronted with similar situations has held, should be vacated. *See, e.g.*, *Greenwood Packing Corp. v. Triangle Meat & Provisions Corp.*, 120 A.D.2d 701, 702 (2d Dept. 1986) (restraining notice ineffective

"where the bank, at the time of service, was not in possession of any property in which Triangle had an interest and did not owe a debt to Triangle"); *Taag Designs, Inc.*, 46 Misc. 2d at 507 (petition to vacate restraining notice granted where it was "manifest that the third-party mortgagee has no property in which the judgment debtor presently has an interest, rendering the restraining notice legally insufficient"); *Cascade Automatic Sprinkler Corp. v. Chase Manhattan Bank (Nat'l Ass'n)*, 60 A.D.2d 901, 902 (1978) (restraining notice invalid where bank at "no time had any property of petitioner's judgment debtor which could be the subject of a restraining notice"); *Israel Disc. Bank Ltd. v. P. S. Prods. Corp.*, 65 Misc. 2d 1002, 1005 (Sup. Ct. 1971) (vacating restraining notice where "[t]he garnishee presently is not indebted to the judgment debtor nor is the garnishee presently in possession or custody of property in which the judgment debtor has a non-exempt interest"); *Hillwick Inc. v. Advanced Ready Mix Supply Corp.*, 2017 NY Slip Op 32156(U), ¶ 11 (Kings Cty. Sup. Ct. 2017) (granting motion to vacate where "non-party movant established, through the affidavit of . . . . that [it] is not in possession of property which belongs to the judgment debtors"). These cases make plain that the restraining notice here is void *ab initio* and should be vacated.

## **CONCLUSION**

For these reasons, the Court should vacate the restraining notice.

Dated: August 28, 2026

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

s/ *John P. Flynn*
John P. Flynn
Colleen Bal (admitted *pro hac vice*)
Joshua A. Baskin (admitted *pro hac vice*)
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: jflynn@wsgr.com
Email: cbal@wsgr.com
Email: jbaskin@wsgr.com

*Counsel for Defendants Circle Internet Financial LLC, Circle Internet Group, Inc. and Garnishee Circle Internet Financial LLC*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1 the undersigned certifies that this brief contains 2,676 words and complies with the Court's formatting rules.

Dated: August 28, 2026

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

s/ *John P. Flynn*
John P. Flynn
Colleen Bal (*pro hac vice*)
Joshua A. Baskin (*pro hac vice*)
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: jflynn@wsgr.com
Email: cbal@wsgr.com
Email: jbaskin@wsgr.com

*Counsel for Defendants Circle Internet Financial LLC, Circle Internet Group, Inc. and Garnishee Circle Internet Financial LLC*