Morrison Cohen

Jason Gottlieb
Partner
(212) 735-8837
jgottlieb@morrisoncohen.com

September 17, 2026

**VIA ECF**

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 906
New York, New York 10007

Re: *Kim, et al. v. The Democratic People's Republic of Korea*, Case No. 25-MC-527

Dear Judge Garnett:

We represent interested non-party Aave LLC ("Aave LLC") in the above-captioned action. We write to respectfully renew Aave LLC's request that Plaintiffs post a bond as a condition of maintaining the restraining notice that Plaintiffs purported to serve on Arbitrum DAO (the "Restraining Notice").

On May 4, 2026, Aave LLC moved to vacate the Restraining Notice. Dkt. Nos. 39-42 (the "Motion"). In the Motion, Aave LLC requested, *inter alia*, that the Court require Plaintiffs to post a cash bond to secure against ongoing harm to Aave LLC. On May 6, 2026, the Court held a hearing on the Motion. On May 8, 2026, the Court issued an order permitting an on-chain vote to transfer the "Immobilized Assets" (as that term is used in the Motion) to a digital assets wallet controlled by Aave LLC, and requiring Aave LLC to abide by the terms of the Restraining Notice upon the occurrence of the transfer. Dkt. No. 52. Aave LLC filed supplemental briefs on May 22, 2026 and May 29, 2026. Dkt. Nos. 61-62, 68. On June 5, 2026, the Court heard oral argument on the Motion. During oral argument, I stressed the necessity of a bond due to the active damage suffered by Aave LLC and because the Restraining Notice effectively served as an injunction. June 5, 2026 Hearing Tr. at 52:15-53:8, 54:3-14. On June 22, 2026, Aave LLC filed its opposition to Plaintiffs' motion for turnover. Dkt. Nos. 82-85.

As Aave LLC has explained in its papers, it has suffered significant harm in addressing the effects of the April 18, 2026 incident that is the subject of the Motion. As explained in the May 22, 2026 Declaration of Luigi D'Onorio DeMeo (the "DeMeo Declaration"), "[a]ssuming the Restraining Notice is vacated, the Immobilized Assets are expected to be applied to reduce the remaining protocol-level deficit in the Aave Protocol." Dkt. No. 62 ¶ 22. Mr. DeMeo added that "applying the Immobilized Assets at the protocol level" would "remediate the exploit's consequences, including reducing the remaining protocol-level deficit and unwinding the extraordinary support measures that were utilized." *Id.* ¶ 23. Because the Immobilized Assets

have remained unavailable, the protocol-level deficit described in the DeMeo Declaration has not been reduced, and the extraordinary support measures put in place to sustain the Aave Protocol have remained necessary. Aave LLC continues to suffer significant harm as a result. That harm will continue if Aave LLC remains unable to utilize the Immobilized Assets.

Aave LLC therefore respectfully renews its request that the Court require Plaintiffs to post a cash bond to secure against that continuing harm.

Respectfully submitted,

*/s/ Jason Gottlieb*

Jason Gottlieb

cc: All Counsel of Record (via ECF)