**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| HAN KIM, *et al.*, Plaintiffs, | ) | |
| | ) | |
| *v.* | ) | Case Nos. 25-MC-527-MMG |
| | ) | 26-MC-033-MMG |
| THE DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, a.k.a. NORTH KOREA, Defendant, | ) | 26-MC-094-MMG<br>26-MC-235-MMG |
| | ) | |

**REPLY IN SUPPORT OF UNCONTESTED MOTION FOR DETERMINATION OF RIGHTS UNDER N.Y. C.P.L.R. § 5239 AS AGAINST WALLET OWNERS 1–50**

On September 2, 2026, Plaintiffs in these related actions, who all hold unsatisfied judgments against the Democratic People's Republic of Korea ("North Korea") for acts of terrorism, moved under New York C.P.L.R. Section 5239 for an order determining other parties' rights to the USDT balances of 50 blockchain wallet addresses on the Ethereum and Tron blockchains ("the Assets"). ECF No. 105. On September 25, 2026, Plaintiffs, pursuant to an order of this Court, ECF No. 109, served their motion and supporting papers on any person claiming an interest in the USDT balances of those addresses via a non-fungible token, ECF No. 112. Under Local Civil Rule 6.1(b)(2), responses to the motions were due on October 9. No responses have been filed. The Motion is thus uncontested.

Because "the parties against whom [Plaintiffs'] allegation was levied . . . have failed to contest it and no party to the pleadings in which that allegation was made . . . has contested it," this Court "accepts [Plaintiffs'] factual allegation." *Hausler v. JPMorgan Chase Bank, N.A.*, 845 F. Supp. 2d 553, 571 (S.D.N.Y. 2012) (citing, among others, *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993)), *reversed on other grounds*, 770 F.3d 207 (2d Cir. 2014). This Court thus accepts as true Plaintiffs allegations that North Korea owns the Assets, ECF No. 105-2 ¶¶ 45–82, and that Plaintiffs hold judgments against North Korea for acts of terrorism pursuant to which Plaintiffs served writs of execution, *id.* ¶¶ 1–6.

Therefore, for the reasons explained in Plaintiffs' Motion, ECF No. 105-1 at 13–20, this Court should conclude that North Korea currently owns the Assets and that Plaintiffs' writs of execution give them a superior right to the Assets as against

all others claiming an interest in the Assets, and this Court should accordingly enter the Proposed Order attached to this Reply.

Respectfully submitted,

*/s/ Charlie Gerstein*
Charlie Gerstein
GERSTEIN HARROW LLP
1319 F St NW, Suite 301
Washington, DC 20004
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Robert Tolchin*
Robert Tolchin
The Berkman Law Office LLC
829 E. 15th Street, Suite Seven
Brooklyn, New York 11230
rtolchin@berkmanlaw.com
(718) 855-3627

*Attorneys for Plaintiffs*