**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAN KIM, YONG SEOK KIM, YONG HWA CHUNG KIM, CHUNG KOOK KIM, and DANI BUTLER,<br><br>Plaintiffs,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>Defendants.<br><br>TETHER INTERNATIONAL *S.A. de C.V.*,<br><br>Garnishee. | Case No. 25-mc-00527 (MMG)<br><br>This motion relates to:<br><br>*Botvin v. Islamic Republic of Iran*, No. 26-mc-00035<br><br>*Campuzano v. Islamic Republic of Iran*, No. 13-mc-00146 |

**NOTICE OF MOTION FOR ALTERNATIVE SERVICE OF WRIT OF EXECUTION AND MEMORANDUM OF LAW IN SUPPORT**

## NOTICE OF MOTION FOR ALTERNATIVE SERVICE

PLEASE TAKE NOTICE that, for the reasons explained in the accompanying memorandum of law and pursuant to Federal Rules of Civil Procedure 64 and 69 and CPLR 6214(a) and 311(b), Plaintiffs respectfully request that this Court issue an order authorizing and directing the Marshal to (1) serve the writ of execution by emailing a copy to Tether's counsel at Gibson Dunn as set forth in the attached proposed order and (2) do the same as to Tether for all writs in every related case on the *Kim* docket.

## INTRODUCTION

Plaintiffs in these actions hold judgments against, among other Defendants, the Islamic Revolutionary Guard Corps and the Islamic Republic of Iran. On September 28, 2026, Plaintiffs delivered additional writs of execution to the Marshal for the Southern District of New York (the "Marshal"). Declaration of Charlie Gerstein ("Gerstein Decl.") ¶ 2. Plaintiffs now seek an order authorizing the Marshal to levy their writ of execution on a garnishee—Tether International *S.A. de c.v.* ("Tether")—by alternative means, namely by sending the writ of execution via email to Tether's New York-based counsel. The Court has granted identical relief for other plaintiffs. *See* Order Authorizing Alternative Means of Service, *Benson et al. v. Islamic Republic of Iran*, 26-cv-2327 (S.D.N.Y.), ECF No. 27. In a prior order entered in this action, the Court granted these Plaintiffs similar relief, namely an authorization to mail documents to Tether in lieu of the Marshal. *See* ECF No. 69. Since that date, counsel for Plaintiffs has learned that the Marshal's office is amenable to email service where authorized by an order of the Court, which is more efficient for all parties.

As previously detailed by counsel on behalf of other plaintiffs in this action, Tether's counsel has been unwilling to agree to accept service of a writ of execution by email or mail absent a court order, and the Marshal was unable to serve a writ of execution upon Tether by traditional means, instead requiring an order from this Court authorizing alternative service. *See* ECF Nos. 13-1 at 8–9; 13-2 at ¶¶ 3–4.

Accordingly, Plaintiffs respectfully request that the Court enter an order authorizing the Marshal to fulfill its duty that it "shall" serve a writ of execution on

Tether "in the same manner as a summons." CPLR 6214(a). To achieve that end, Plaintiffs move for this Court to authorize such service of the writ on Garnishee Tether by alternative means under CPLR 311(b), the CPLR provision providing for alternative service on a foreign corporation. Specifically, Plaintiffs respectfully request entry of the accompanying proposed order directing the Marshal to serve the writ of execution by delivery via email to Tether's New York-based attorneys at Gibson Dunn & Crutcher LLP ("Gibson Dunn"), who have been engaged on its behalf in connection with this and other matters. Such methods would be at least as well calculated to provide notice as those means described in New York Business Corporation Law ("BCL") § 307(b)(1) and (2) and satisfy CPLR 311(b)'s requirements for alternative service. This would, in turn, fulfill CPLR 6214(a)'s requirement that the Marshal levy by serving an order of execution "in the same manner as a summons."

## ARGUMENT

### I. CPLR 311(b) Service Is Necessary and Appropriate to Permit the Marshal to Serve the Writ of Execution "in the Same Manner as a Summons" as Required by CPLR 6214(a).

Under the Federal Rules of Civil Procedure, "throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Further, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In both cases, "a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a),

69(a)(1). Accordingly, the levying officer—here, the Marshal—"shall levy . . . in the same manner as a summons." CPLR 6214(a).

In that vein, CPLR 311(b) provides:

> If service upon a domestic or foreign corporation within the one hundred twenty days allowed by [CPLR 306-b] is impracticable under [CPLR 311(a)(1)] or any other law, service upon the corporation may be made in such manner, and proof of service may take such form, as the court, upon motion without notice, directs.

CPLR 311(b).[1] Because service of a summons on Tether would be proper under CPLR 311(b), it suffices as a means for the Marshal to levy by serving the writ of execution "in the same manner as a summons" under CPLR 6214(a). And this is necessary because the elements of CPLR 311(b)—including impracticability of service by other means—are satisfied.

[1] Because CPLR 311(b) contemplates that a court will direct alternative service "upon motion without notice," the Court can and should grant this motion *ex parte*. Gerstein Decl. ¶ 7. *See, e.g.*, David D. Siegel & Patrick M. Connors, *Siegel's New York Practice* § 75 (6th ed. 2024) (explaining that, under equivalent language in CPLR 308(5), "all the plaintiff has to do is make an *ex parte* motion—a motion without notice to any other potential party—requesting the court to devise a method of service"); *id.* § 70 (CPLR 311(b) provides "similar authorization" to CPLR 308(5) "for use against corporations"); *see, e.g.*, *Rampersad v. Deutsche Bank Sec., Inc.*, No. 02-cv-7311 (LTS) (AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (granting *ex parte* order authorizing alternative service on a party's attorney); *Franklin v. Winard*, 189 A.D.2d 717, 717 (1st Dep't 1993) (affirming *ex parte* order authorizing service on party's attorney pursuant to CPLR 308(5)).

## II. Email Service on Tether's New York-Based Counsel Satisfies CPLR 311(b).

### A. It Is Impracticable for the Marshal to Levy by Service Under CPLR 311(a)(1) or Any Other Law.

It is impracticable for the Marshal to levy under CPLR 311(a)(1) or any other law. "The meaning of 'impracticable' will depend upon the facts and circumstances of the particular case." *Ortiz v. Green Bull, Inc.*, No. 10-CV-3747, 2011 WL 5553834, at *2 (E.D.N.Y. Nov. 14, 2011) (internal quotation marks omitted). Importantly, "[i]mpracticability does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *GP Acoustics (US), Inc. v. J&V Audio, Inc.*, No. 17 CIV. 05305, 2017 WL 11570459, at *2 (S.D.N.Y. Sept. 13, 2017). A plaintiff need only make "some showing that the other prescribed methods of service could not be made." *Ok-Gu v. Distrokid, Inc.*, No. 25-CV-9818, 2026 WL 621823, at *3 (S.D.N.Y. Mar. 4, 2026) (citation omitted).

Here, Plaintiffs make these required showings. CPLR 311(a)(1) authorizes service on a "foreign corporation" by delivery to an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" or pursuant to BCL §§ 306 or 307. But Tether is located abroad, without officers, directors, or agents to receive service within this District. Gerstein Decl. ¶ 4. Further, service pursuant to BCL § 306 is impracticable because Tether is neither a domestic nor an *authorized* foreign corporation. BCL § 306 (authorizing service of process on the secretary of state in the case of a domestic or *authorized* foreign corporation); Gerstein Decl. ¶ 4. And service pursuant to BCL § 307 is impracticable given the Marshal's stated limitations on its

ability to comply with that provision. Gerstein Decl. ¶ 3. It is thus "impracticable" for the Marshal to levy by any of the methods of service specified in CPLR 311(a)(1), *ever*—much less within the 120 days prescribed by CPLR 306-b. Last, no other law authorizes service on an unauthorized foreign corporation, so service is "impracticable" for purposes of CPLR 311(b). *See* CPLR Art. 3 et seq.

### B. Email Service on Tether's New York-Based Counsel Is Reasonably Calculated to Provide Tether With Sufficient Notice.

"Once the impracticability standard is satisfied, due process requires that the method of service be reasonably calculated, under all the circumstances to apprise the [recipient] of the action." *New Hampshire Ins. Co. v. Partners on Fourth, LLC*, 983 N.Y.S.2d 204 (Sup. Ct. 2013) (internal quotation marks omitted). "In devising appropriate forms of alternate service, courts have wide latitude to fashion . . . means adapted to the particular facts of the case before them." *Germain v. A.O. Smith Water Prods. Co.*, 981 N.Y.S.2d 635 (Sup. Ct. 2013) (cleaned up).

In this action, service by delivery to Tether's attorneys, who are located in this District, is not only "reasonably calculated" but is virtually certain to provide Tether with notice of the writ of execution. Tether is represented in connection with this matter by attorneys at Gibson Dunn who are based in Gibson Dunn's offices in this District. Gerstein Decl. ¶ 5. It is well established that service on a represented party's counsel is "reasonably calculated to provide . . . sufficient notice" and satisfies CPLR 311(b). *Invar Int'l, Inc. v. Zorlu Enerji Elektrik Uretim Anonim Sirketi*, 927 N.Y.S.2d 330, 331 (1st Dep't 2011). Moreover, courts in this District routinely hold as much in circumstances like those here, where a party seeks to serve a foreign party's known

U.S.-based counsel: In fact, "[s]uch service is a common form of service ordered under Rule 4(f)(3)" given that it generally results in actual notice to the party being served, *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013) (internal quotation marks omitted), "regardless of whether [the party's] U.S. counsel is 'authorized' to accept service on his behalf," *Giuffre v. Andrew*, 560 F. Supp. 3d 744, 746 (S.D.N.Y. 2021).[2] *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (collecting cases). The same analysis applies with equal force to the CPLR 311(b) context here.

Accordingly, the Court should enter the proposed order directing the Marshal to serve the writ of execution on Tether's New York-based attorneys by emailing them a copy. Relatedly, given that email delivery to Tether's New York-based attorneys will remain reasonably calculated and traditional means of service will continue to be impracticable, Plaintiffs respectfully request that the Court authorize this email service as to Tether for all writs in every related case on the *Kim* docket.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court authorize and direct the Marshal to (1) serve the writ of execution by emailing a copy

---

[2] For purposes of Rule 4(f)(3), not only would domestic service on a foreign party's U.S.-based counsel be permitted under the Hague Convention, but "because service on counsel occurs domestically, and does not involve transmission of documents abroad, it does not even implicate the Hague Convention." *Jian Zhang*, 293 F.R.D. at 515 (cleaned up). And any requirement that Plaintiffs "show adequate communication between the individual and the attorney" is also satisfied, as the Gibson Dunn attorneys have regularly communicated with Tether in connection with this case. *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 267; *see* Gerstein Decl. ¶¶ 5–6.

to Tether's counsel at Gibson Dunn as set forth in the attached proposed order and (2) do the same as to Tether for all writs in every related case on the *Kim* docket.

Respectfully submitted,

*/s/ Charlie Gerstein*
Charlie Gerstein
GERSTEIN HARROW LLP
1319 F St NW, Suite 301
Washington, DC 20004
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Robert Tolchin*
Robert Tolchin
THE BERKMAN LAW OFFICE LLC
829 E. 15th Street, Suite Seven
Brooklyn, New York 11230
rtolchin@berkmanlaw.com
(718) 855-3627

*Attorneys for Plaintiffs*