# GERSTEIN HARROW LLP

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10009

October 21, 2026

*Re: Status Report in* Kim v. Democratic People's Republic of Korea, *and Related Cases*

Dear Judge Garnett,

This letter concerns all the actions related to *Kim v. Democratic People's Republic of Korea*, No. 25-MC-527, in which my firm represents the Plaintiffs, all of whom hold money judgments against North Korea, Iran, or the Iranian Revolutionary Guard Corps, and all of whom seek, through these related actions, to execute those judgments against crypto assets owned by the judgment debtors. I write because, given the many intersecting judgment debtors, garnishees, and collection actions pending on this docket, an omnibus status report might be of assistance to the Court.

What follows is a brief summary of outstanding motions and related matters, broken down by judgment debtor and then by garnishee, noting where a motion is pending and relevantly unopposed. Specifically, the motions at Docket Numbers 105 (to foreclose claims; *see* § I.A. below) and 120 (for alternative service; *see* § II below) are fully unopposed. The motion at Docket Number 118 (for alternative service; *see* § I.C. below) is subject to no relevant opposition.

## I. North Korea Judgments

The Plaintiffs in *Kim v. Democratic People's Republic of Korea*, No. 25-MC-527, *Butler v. Democratic People's Republic of Korea*, No. 26-MC-235, *In re Central Bank of the Islamic Republic of Iran ("Kaplan")*, No. 26-MC-33, and *Calderon-Cardona v. Democratic People's Republic of Korea*, No. 25-MC-94, hold judgments against North Korea.

### A. Garnishee Tether International *S.A. de C.V.* ("Tether")

All Plaintiffs with judgments against North Korea served writs of execution on Tether, which, pursuant to order of this Court, ECF Nos. 69, 71, were converted into levies by alternative service, ECF No. 76, 77. Plaintiffs moved for turnover of a balance of 69,773,938 USDT held in 50 wallet addresses. ECF No. 104. Simultaneously, Plaintiffs moved to foreclose the claims of anyone else with an

interest in those addresses, ECF No. 105, and served that motion on those people by NFT token as authorized by this Court, ECF No. 109, 112.

The deadline to respond to the motion to determine claims has passed and that motion is unopposed. ECF No. 117. Plaintiffs have not yet served the turnover motion, ECF No. 104, and are hopeful that expeditious resolution of the unopposed motion to determine claims at Docket Number 105 may obviate the need to litigate the turnover motion at Docket Number 104.

B. Garnishee Circle Internet Financial LLC

The Plaintiffs in *Kim* and *Butler* served writs of execution on Garnishee Circle Internet Financial LLC (Circle) and served restraining notices on Circle and its parent company Circle Internet Group, Inc. *See, e.g.* ECF No. 111 at 9–12 (explaining procedural history). The *Kim* and *Butler* Plaintiffs seek turnover of a balance of 2,144,505 USDC held in three wallet addresses. ECF No. 4. The briefing on that motion was delayed pending discovery, but an opposition is expected by October 23. *See* ECF No. 114 (most recent briefing schedule). After Plaintiffs file a reply to Circle's opposition, that turnover motion will be fully briefed and ripe for decision.

Plaintiffs have separately sued Circle and Circle, Inc., for violating the restraining notice, *see Kim v. Circle Internet Financial LLC*, No. 26-CV-5445 (S.D.N.Y.), and that case is pending before Your Honor. Circle moved to dismiss that case, ECF No. 25 *in* 26-CV-5445, and also moved on this docket (at ECF No. 97) and on the docket of the other action (at ECF No. 28 *in* 26-CV-5445) to vacate the restraining notice. Plaintiffs have filed oppositions to both of those motions, and Circle will reply to both by October 30, at which time both of those motions will be fully briefed. *See* ECF No. 39 *in* 26-CV-5445 (scheduling order). In the meantime, discovery in that case has been stayed pending resolution of the motion to dismiss. *See* ECF No. 38 *in* 26-CV-5445 (order granting discovery stay).

C. Garnishee Aave LLC

Plaintiffs served restraining notices and writs of execution, which were converted to levies by service authorized by this Court, regarding a balance of 30,766 ETH currently held by Garnishee Aave LLC (who received the assets as authorized by this Court). *E.g.*, ECF No. 34 (granting alternative service of writs of execution and restraining notice). Aave LLC moved to vacate the restraint, ECF No. 42, and to require Plaintiffs to post a bond, *id.*; *see also* ECF No. 110. This Court held oral argument on the motion to vacate the restraint on June 5, 2026. *See* Minute Entry, June 5, 2026. That motion remains pending.

With the assets still restrained, Plaintiffs filed a motion for turnover and to determine adverse claims under N.Y. C.P.L.R. Section 5239. ECF No. 60. In that motion,

Plaintiffs requested alternative service of the motion on other potential claimants to the assets. *Id.* But because the Kernal DAO website has changed since that filing, and to enable this Court to resolve the pending turnover and Section 5239 motions in full without awaiting further response, Plaintiffs moved separately for alternative service of the motion, ECF No. 118. The turnover motion is fully briefed, ECF No. 91, but the Section 5239 motion has not yet been served on the parties against which it is filed.

The motion under Section 5239 addresses only the claims of Aave DAO ETH suppliers and Kernal DAO; it does not seek relief against Aave LLC, *id.*, and it seeks no more than service of a motion, not an immediate granting of that motion, *see id.* Still, Aave LLC filed a response. ECF No. 119. Aave LLC's response includes exclusively arguments it has already made, *e.g.*, ECF No. 82, and to which Plaintiffs have already responded, ECF No. 91, and so Plaintiffs will stand on their motion without reply to Aave LLC's repeated arguments. Because no party against whom relief is sought has opposed the motion, this Court should treat it as unopposed and, for the reasons stated in the motion, grant it.

## II. Iranian Revolutionary Guard Corps Judgments

The Plaintiffs in *Botvin v. Islamic Republic of Iran*, No. 26-MC-35, and *Campuzano v. Islamic Republic of Iran*, No. 13-MC-146, hold judgments against (among others) the Islamic Revolutionary Guard Corps. On September 28, 2026, Plaintiffs delivered writs of execution to the Marshal for the Southern District of New York directed to Tether. *E.g.*, ECF No. 120-2 (explaining delivery).

Plaintiffs have moved for alternative service of the writs of execution on Tether. ECF No. 120. This motion is unopposed and is materially identical to others this Court has recently granted. *See* ECF No. 69; *see also* Order Authorizing Alternative Means of Service*, Benson et al. v. Islamic Republic of Iran*, 26-CV-2327 (S.D.N.Y.), ECF No. 27.

## III. Islamic Republic of Iran Judgments

Plaintiffs in all cases other than *Kim*, *Butler*, and *Calderon-Cardona* hold judgments against (among others) the Islamic Republic of Iran. They served writs of execution directed to Tether and converted those to levies by alternative service as authorized by order of this Court. ECF No. 69, 71, 77. Plaintiffs moved for turnover of a balance of approximately 344 million USDT. ECF No. 56.

Plaintiffs and the plaintiffs in *Benson*, 26-CV-2327, reached an agreement resolving their dispute over priority regarding the assets sought in the pending turnover motion. ECF No. 95. Accordingly, Plaintiffs agreed to hold their motion for turnover at ECF No. 56 in abeyance, ECF No. 96 (ordering abeyance), where it remains.

Sincerely,
*/s/ Charlie Gerstein*
Charlie Gerstein