# GERSTEIN HARROW LLP

The Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10009

cc: The Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10009

October 28, 2026

*Re: Response to Opposition to Letter Motion at ECF No. 122 Pending in* Kim v. Democratic People's Republic of Korea, *No. 25-MC-527*

Dear Judges Garnett and Oetken,

The Botvin and Campuzano Plaintiffs ("Botvin Claimants"), survivors of terrorism, delivered writs of execution to the U.S. Marshal directed to assets held by Garnishee Tether International *S.A. de C.V.* in which the Islamic Revolutionary Guard Corps is alleged to have an interest. The Breitweiser, Ryan, and Eaton Claimants (collectively, the "Breitweiser Claimants"), also survivors of terrorism, seek writs of attachment directed to those same assets. The Government seeks to forfeit the assets.

To preserve the status quo during the Government's forfeiture proceedings, the Government sought, and Judge Oetken issued, a restraining order that prevented (among other things) any person to "encumber" the Defendant Property. The issue is that when the Government sought the restraining order, and when Judge Oetken issued it, neither had reason to know that the Botvin Claimants had already served writs of execution. Under New York law, the Marshal may return a writ of execution after 60 days unless extended, C.P.L.R. § 5230(c), thus at least arguably giving rise to a future argument that the writs expired during the pendency of the forfeiture proceeding. Neither the Government nor Judge Oetken appears to have intended this result.

So the Botvin Claimants seek, in their letter-motion (ECF No. 122), very simple relief: They seek an order directing the Marshal to do *nothing* until the forfeiture case is resolved. The Botvin Claimants would do nothing; the other claimants would do nothing; the Government would do nothing; the Marshal would do nothing; and,

GH
gerstein-harrow.com
hi@gerstein-harrow.com
(202) 670-4809
1319 F Street NW
Suite 301
Washington, DC 20004

critically, the Court would do nothing until the forfeiture proceeding is ripe for resolution.

One would think no one could oppose such a request. But the Breitweiser Claimants, having suffered—as all claimants in this case have suffered—unimaginable loss, and responding on very short notice, appear to misunderstand the nature of the relief requested in the Botvin Claimants' letter-motion. The Breitweiser Claimants appear to believe that the Botvin Claimants are seeking through their letter motion to "establish" or "improve" a "priority position," which, the Breitweiser Claimants suggest, is forbidden by Judge Oetken's order. ECF No. 124 at 1. The Breitweiser Claimants contend that Botvin Claimants have not "established a valid or superior lien against the Defendant Property." The Breitweiser Claimants argue that the Government's interest in the Defendants in-rem is superior to the Botvin Claimants' under Section 981(f), which, incidentally, would be fatal to the Breitweiser Claimants' claim. And the Breitweiser Claimants say that one of the Botvin Claimants' lawyers, on behalf of other clients, once contested another group of claimants' priority position over different assets. (It is unclear what fault the Breitweiser Claimants find with the Botvin Claimants' lawyers' contestation in these unrelated disputes.)

None of this has anything to do with the relief requested here because the Botvin Claimants do not seek to litigate priority here, but rather to do no more than preserve the status quo by preventing the Marshal from taking an affirmative step to change the status quo. The Court can thus safely ignore the Breitweiser Claimants' letter and grant the requested relief, leaving the Breitweiser Claimants with a full and fair opportunity to ventilate every argument they wish in the forfeiture proceedings.

The Government's reason for requesting the restraining order in the first place was to "ensure that the Defendants-*in-rem* remain available for forfeiture." ECF No. 13 (in 26-CV-8010). "These provisions," the Government explained, "will ensure that, while Tether is in the process of effectuating the Seizure Warrant, the Defendants-in-rem will not be dissipated, encumbered, or transferred in a way that renders them unavailable despite the pendency of this civil forfeiture proceeding." ECF No. 13, at 5. Nothing about the Botvin Claimants' letter-motion would frustrate that goal—the Government remains free to effectuate seizure and to pursue forfeiture without prejudice.

Despite this, the Government apparently does not consent to this request to preserve the status quo. Its counsel has stated that the Government currently plans to file something addressing Plaintiffs' request by Monday, 11/2. Accordingly, although the Botvin Claimants earlier stated that they intended to seek emergency relief if not granted here by October 30, in light of the Government's intention to respond by November 2, the Botvin Claimants are willing to wait at least until that document is

filed and the Court has a chance to act on the request to seek any emergency relief if necessary.

Sincerely,
*<u>/s/ Charlie Gerstein</u>*
Charlie Gerstein