**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

November 3, 2026

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. All USDT Tether Held In Ten Cryptocurrency Addresses*
26 Civ. 8010 (JPO)

*Kim v. Democratic Peoples Republic of Korea*, 25 MC 527 (MMG)

Dear Judges Oetken and Garnett:

The Government respectfully submits this letter in opposition to the motion filed on October 23, 2026 (the "Motion") (Dkt. No. 23) in the above-referenced matters by the plaintiffs in *Botvin v. Islamic Republic of Iran*, No. 26-MC-35 (MMG), and *Campuzano v. Islamic Republic of Iran*, No. 13-MC-146 (MMG) (collectively, the "Botvin-Campuzano Plaintiffs"). The Motion seeks an order enjoining the United States Marshal for the Southern District of New York (the "Marshal") not to return two writs of execution (the "Writs") issued in the *Botvin* and *Campuzano* actions that the Botvin-Campuzano Plaintiffs delivered to the Marshal on or about September 28, 2026, which the Botvin-Campuzano Plaintiffs seek to have enforced against certain cryptocurrency assets (the "Subject Property") that are the defendants-*in-rem* in the civil forfeiture action commenced on or about September 14, 2026, *United States v. All USDT Tether Held In Ten Cryptocurrency Addresses*, 26 Civ. 8010 (JPO) (the "Forfeiture Action").

As discussed more fully below, the Motion should be denied. An *in rem* seizure warrant (the "Seizure Warrant") has issued in this District, directing Tether Limited ("Tether") to transfer the Subject Property to the Government, and already has been served on Tether; additionally, a restraining order (the "Restraining Order") issued in the Forfeiture Action on October 21, 2026, which bars any action encumbering, directly or indirectly, the Subject Property. Moreover, the Botvin-Campuzano Plaintiffs currently have no lien interest against the Subject Property because the Subject Property is not in this District, nor will they be able to obtain a lien interest once the Subject Property is delivered to the Government in accordance with the Seizure Warrant. Accordingly, the relief sought by the Motion would contravene both the Seizure Warrant and Restraining Order, and the Botvin-Campuzano Plaintiffs have no current property interest that would be protected by the relief sought in any event.

**Background**

The Forfeiture Action was commenced on September 14, 2026, by the filing of a Verified Complaint (the "Complaint"). As set forth in the Complaint, the Government alleges that the Subject Property is the proceeds of black-market sales of Iranian crude oil or petroleum products to buyers in China, which were intended to finance Iranian military agencies, including the Islamic Revolutionary Guard Corps (the "IRGC"), a designated foreign terrorist organization. Also on September 14, 2026, the Honorable Ona T. Wang issued the Seizure Warrant for the Subject Property, based on a finding that there is probable cause to believe the Subject Property constitutes (i) proceeds traceable to violations of the International Emergency Economic Powers Act ("IEPPA"), Title 50, United States Code, Section 1705; (ii) property involved in money laundering; and/or (iii) property involved in a crime of terrorism. The Seizure Warrant has been served on Tether and, pursuant to the Seizure Warrant, Tether will transfer the Subject Property to the Government.[1]

After the Complaint was filed, multiple parties filed claims in the Forfeiture Action alleging an interest in the Subject Property based on the claimants holding unsatisfied civil judgments against the Government of Iran and certain of its agencies and departments, including the IRGC.[2] The Botvin-Campuzano Plaintiffs also have judgments against the Government of Iran and represent that they intend to file claims in the Forfeiture Action.

Two weeks after the Complaint was filed, and based upon information set forth in the Complaint, the Botvin-Campuzano Plaintiffs obtained new writs of execution in the *Campuzano* and *Botvin* actions and delivered the Writs to the Marshal in order to serve them on Tether. *See Kim v. Democratic Peoples Republic of Korea*, 25-MC-527, Gerstein Aff. ¶ 2, Dkt. No. 120. The Marshal is unable to serve the Writs on Tether because Tether is located abroad. *Id.* ¶¶ 2-3.

On October 5, 2026, the Government sought a restraining order in the Forfeiture Action prohibiting any person from transferring, selling, assigning, pledging, hypothecating, encumbering, or disposing of the Subject Property in any manner, or causing such actions or taking any action that would have the effect of diminishing the value of the Subject Property in any way. Two weeks later, on October 20, 2026, the Botvin-Campuzano Plaintiffs filed a motion requesting that Judge Garnett issue an order directing the Marshal to serve the Writs by email on New York-

---

[1] As a technical matter, Tether will destroy the USDT in the cryptocurrency addresses identified in the Complaint and issue new USDT having the identical value, which constitutes the Subject Property.

[2] To assert an ownership interest in property subject to civil forfeiture, a claimant must demonstrate either that the claimant was a *bona fide* purchaser or seller of an interest in the subject property without knowledge or reasonable cause to know the property was subject to forfeiture; or that the claimant has an interest in the subject property that existed at the time of the illegal conduct giving rise to forfeiture and did not know of the illegal conduct. 18 U.S.C. § 983(d)(2), (3). A judgment creditor who does not have a security interest in the judgment debtor's property is an unsecured creditor, lacking any specific property interests.

based counsel for Tether. *See id.* ¶¶ 5-6; *see also Kim*, 25-MC-527, Dkt. 120 (motion). On October 21, 2026, the Restraining Order was entered in the Forfeiture Action. The motion for alternative service remains pending.

On October 21, 2026, Judge Oetken granted the Government's motion for a restraining order. The Restraining Order, among other things, prevents any potential claimants and creditors from taking steps that would, directly or indirectly, encumber or diminish the value of the Subject Property. In issuing the Restraining Order, Judge Oetken observed that the Restraining Order is meant to preserve the priority of any potential claimants to the Subject Property and to prevent potential claimants from seeking to take enforcement steps that would enhance the priority of their claims over other claimants, reasoning that it would be "premature to adjudicate which creditors should receive priority, since the Court has yet to determine who has any interest in [the Subject Property]—let alone superior ones." Forfeiture Action Dkt. No. 20 at 6-7.

On October 23, 2026, the Botvin-Campuzano Plaintiffs filed the Motion before Judge Oetken and Judge Garnett. The Motion seeks an order directing the Marshal not to return the Writs until 60 days after the final resolution of the Forfeiture Action and any appeals. In filing the Motion, the Botvin-Campuzano Plaintiffs are, essentially, seeking an order requiring the Marshal to hold the Writs in abeyance because the Botvin-Campuzano Plaintiffs believe that if the Writs are returned, they will lose an enforcement priority supposedly gained when the Botvin-Campuzano Plaintiffs—but not other claimants who have or may appear in the Forfeiture Action—reacted to the filing of the Complaint by delivering the Writs to the Marshal for service upon Tether.

**<u>The Motion Should Be Denied</u>**

The Motion should be denied because it conflicts with the Seizure Warrant and the Restraining Order. Moreover, the relief sought in the Motion is not necessary, because the Botvin-Campuzano Plaintiffs had no lien interest in the Subject Property as of the date of the Restraining Order, and the Restraining Order preserves the status quo with respect to all potential claimants' interests in the Subject Property until the validity and priority of such claims can be addressed in the Forfeiture Action.

There is no reason to hold the Writs in abeyance because the Subject Property is subject to the Seizure Warrant, which requires Tether to transfer possession of the Subject Property to the Government to effectuate a "seizure of property" authorized under 21 U.S.C. § 853(f). As stated in the Complaint, and as the Botvin-Campuzano Plaintiffs do not contest, the Government served Tether with the Seizure Warrant two weeks before the Writs were delivered to the Marshal. While Tether needs some time to effectuate the transfer, the Government became the lawful possessor of the Subject Property once the Seizure Warrant was served on Tether. *See*, *e.g.*, *Langbord v. United States Department of Treasury*, 832 F.3d 170, 183 (observing that "a seizure is the act or an instance of taking possession of property by legal right or process" and reasoning that the "government obtains *possession*" by seizing property."); *United States v. Assorted Jewelry with an Approximate Value of $219,860*, 386 F. Supp. 2d 9, 12 (a seizure of property by the government entails the Government "exercising direct control and possession over it based on probable cause to believe that the property is related to criminal activity."). Since the Government, not Tether, is

the lawful possessor of the Subject Property pending the outcome of the Forfeiture Action, the Writs are moot. Requiring the Marshal to hold the Writs open serves no legitimate purpose and, if anything, potentially contravenes the clear terms of the Seizure Warrant.

The Botvin-Campuzano Plaintiffs assert that they filed the Motion to maintain a supposed enforcement priority over other TRIA claimants based upon the Writs, not to interfere with the execution of the Seizure Warrant.[3] But the relief sought by the Motion is unnecessary to preserve the status quo, which is already addressed by the Restraining Order. The Botvin-Campuzano Plaintiffs currently have no lien interest in the Subject Property, because it is not in this District. Under New York law, delivering a writ of execution to the sheriff of the county where a judgment debtor's personal property is located becomes a lien on that property. *See* N.Y. CPLR § 5202(a); *Musso v. Ostasko*, 468 F.3d 99, 106 (2d Cir. 2006). The Subject Property is not in this District, and delivering the Writs to the Marshal created no lien interest in the Botvin-Campuzano Plaintiffs' favor.

Moreover, attempting to obtain a supposed enforcement priority over other claimants contradicts the Restraining Order, which was issued to preserve other claimants' "present enforcement position by ensuring that [the Subject Property] will not be made unavailable, including through other creditors seeking to establish priority." Forfeiture Action Dkt. No. 20 at 6. By seeking a court order directing the Marshal to hold the Writs in abeyance, the Botvin-Campuzano Plaintiffs are seeking to "indirectly . . . encumber" the Subject Property by prohibiting the Marshal from returning the Writs unexecuted, which is the precise sort of priority-establishing step the Restraining Order is meant to prohibit. Because directing the Marshal not to return the Writs has the indirect effect of encumbering the Subject Property, the Motion contradicts the Restraining Order and should be denied.

Finally, the relief sought by the Motion is unnecessary because the Restraining Order is adequate to protect the Botvin-Campuzano Plaintiffs' interest for purposes of the Forfeiture Action. Judge Oetken issued the Restraining Order to preserve various claimants' interest in the Subject Property as they existed at the outset of the Forfeiture Proceeding, reasoning that it is "premature to adjudicate which creditors should receive priority" because "the Court has yet to determine who has any interest." Forfeiture Action Dkt. No. 20 at 6-7. Judge Oetken further explained that the purpose of the Restraining Order was to prevent other claimants from taking priority-producing steps "while this action is pending," making clear that the intent of the Restraining Order was to maintain the status quo as it existed at the time the Forfeiture Action was filed. Forfeiture Action Dkt. No. 20 at 6. The Restraining Order provides the same protection to the interest the Botvin-Campuzano Plaintiffs held at the outset of the Forfeiture Action as it does to any other claimant who may appear, and there is no reason the Court should allow the Botvin-

[3] According to the Botvin-Campuzano Plaintiffs, under New York State law, lien enforcement priority in at least some circumstances lies with the party to first serve a writ of execution, and the Botvin-Campuzano Plaintiffs believe their service of the Writs provides them with such a claim of seniority. *See* Motion at 2-4. If the Marshal returned the Writs, however, any lien created by the September 28, 2026 delivery of the Writs to the Marshals would cease to exist, and the Botvin-Campuzano Plaintiffs would lose whatever enforcement they may or may not possess over other TRIA claimants who appear in this case.

Campuzano Plaintiffs, in contrast to any others who may appear, to take steps following the issuance of the Restraining Order to gain a more advantageous enforcement priority against other claimants. Instead, the Botvin-Campuzano Plaintiffs' interest in the Subject Property should be adjudicated alongside others asserted in this case without any special post-Restraining Order relief.

Accordingly, the Government asks that the Court deny the Botvin-Campuzano Plaintiffs' request for an order directing the Marshal not to return the Writs.

Respectfully submitted,

SEAN BUCKLEY
Deputy United States Attorney
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

By: ______________________

Christopher D. Brumwell / Jane Y. Chong /
David A. Markewitz / Juliana N. Murray
Assistant United States Attorneys
26 Federal Plaza
New York, New York 10278
Tel. (212) 637-2477 / -2263 / -2260 / -2314